Thomas F. DIAZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 45610.

Court of Criminal Appeals of Texas.

March 7, 1973.

Frank L. King, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Bob D. Odom, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of attempted rape. The punishment was enhanced according to Art. 63, Vernon's Ann.P.C., and appellant was sentenced to life imprisonment.

The only ground of error raised in appellant's brief concerns an alleged error in the court's refusal to grant a certain charge. Appellant requested a charge on assault with intent to commit rape.[1]

1. The charge requested was: " . . . if the evidence shows an assault with intent to commit rape, then a conviction for an attempt to commit rape will not be sustained . . . . "

■ The case of Nielson v. State, 437 S.W.2d 862 (Tex.Cr.App.1969) is very much in point. As Judge Onion there stated, the offense of attempt to rape is a distinct offense from rape or assault with intent to rape, and may be prosecuted and punished as such. However, as we held in Flores v. State, 472 S.W.2d 146 (Tex.Cr. App.1971) and Nielson, supra, if the offense charged is an attempt to commit an act and the proof shows the completed act such will not defeat the conviction. The fact that the present appellant may have been guilty of the separate offense of assault with intent to rape is no defense, and he is not in a position to object that he has not been charged with assault with intent to commit rape. The State carved from the single transaction.[2] The trial judge properly refused the requested charge.

■■ In a pro se brief filed with this Court, appellant raises one additional issue which we will review. Appellant's contention is that the trial court committed reversible error in failing to appoint, sua sponte, an interpreter to assist him, since he is a Latin-American "who does not understand the English language." [3]

The record reflects that upon the reading of the indictment, the appellant answered: "Not guilty, sir." At one point, a defense witness stated that appellant did not speak *fluent* English. When appellant took the stand, the following colloquy transpired:

"[Defense Counsel]: If the Court please, let me rephrase that. Thomas,— Your Honor, there is going to be some difficulty of communication here, there always has been. This man does not really fully understand English.

"The Court: I will permit you to go beyond the normal English speaking standard, but make your leading be the minimum."

In fact, throughout appellant's testimony, the defense was allowed wide latitude in posing leading questions in order to facilitate communication with appellant. On several occasions, appellant would state that he did not understand the question, and the question would be rephrased. As a whole, appellant communicated quite well in English and related to the court his only defense; that is, that he had been drinking heavily on the day in question and didn't "remember where I going that night, sir."

The issue of an interpreter was not raised, if at all, until an admittedly confusing question was posed to him by defense counsel:

"Q  Well, the question I'm asking you and you—you answered partly right and partly—I don't think you—either you misunderstood me or something. What you are saying is, that you have in the past drank enough that you had no knowledge of what was going on around you and no recollection of what had happened to you or where you had been, is this true ?

"A  I wish I can have a interpreter, but I don't have a interpreter. See, sometimes I say something I'm not supposed to say and sometimes I say something wrong. I just say what I know the way—

"THE COURT: You just listen very carefully to the man's questions. I think you can get along all right, to either of the lawyers, they'll put their questions to you pretty clearly, I think."

The question by defense counsel was rephrased and an answer was elicited.

---

2. Both attempted rape and assault with intent to rape carry the same punishment, not less than two years' confinement. Arts. 1190 and 1162, V.A.P.C.

3. Article 38.30, Vernon's Ann.C.C.P. states, in part: "When a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him."

The only basis for a trial court providing an interpreter to an accused is the constitutional and statutory guarantees of confrontation under the Constitution of Texas and of the United States. Ex parte Marez, 464 S.W.2d 866 (Tex.Cr.App.1971), citing Pointer v. Texas, 380 U.S. 400, 85 S. Ct. 1065, 13 L.Ed.2d 923. In the present case, there is ample evidence that appellant understood and communicated in the English language reasonably well. His trial counsel was appointed; there is no showing that his counsel could not and did not communicate in Spanish with appellant. Salas v. State, 385 S.W.2d 859 (Tex.Cr. App.1965). There was no request for an interpreter, either by appellant or his counsel, unless appellant's above-quoted statement may be so construed. That statement appears on the 143rd of a total of 149 pages of testimony. Appellant's contention, as presented under the record, reveals no error.

The judgment is affirmed.