Manuel Perez FRESCAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08-81-00060-CR.

Court of Appeals of Texas, El Paso.

June 16, 1982.

David R. Rosado, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., R. Bradford Stiles, Asst. Dist. Atty., El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a conviction for murder. The jury assessed punishment at thirteen years confinement. We affirm.

The testimony disclosed that Appellant and the deceased were drinking together in a bar the night before the murder. The deceased took Appellant's wallet containing three hundred and sixty dollars. He indicated that he was going to safeguard the wallet because of Appellant's intoxicated condition. Two days later, Appellant sought out the deceased to retrieve the wallet. Due to the deceased's violent reputation, he armed himself in advance with a knife. He testified that, upon their meeting, the deceased refused to return the wallet and attacked Appellant with a knife. Appellant then stabbed the deceased. An eye-witness testified that she did not see the deceased attack the Appellant. The only weapon discovered was that of the Appellant.

In Ground of Error No. One, Appellant presents an issue of first impression. Prior to trial, Appellant's counsel requested the services of a translator. During *voir dire,* counsel instructed the translator to stop translating. He advised the court that the continuous translation from English into Spanish was distracting his attention from the selection process. The court was advised that counsel spoke Spanish and that Appellant understood English, but had difficulty expressing himself in that language. Counsel specifically refused to waive the presence of the interpreter. The court advised counsel to separate himself from the translator and his client. Absent a waiver, he required the continuous translation to proceed.

After seventy pages of jury selection, and the examination of two State's witnesses, the Appellant himself advised the interpreter to stop translating.

The court made further inquiry, and was advised by counsel that his client could understand one hundred percent of what he heard in English, and only once in a while encountered an unfamiliar word. He explained his client's position that the continuous translation was confusing his own interpretation. He again declined to waive the translator's presence.

The court ruled that a sporadic interpretation was not feasible and that the court's duty to the Appellant, absent a waiver of the interpreter, was to provide a continuous translation. No further exchange took place on this issue.

█ Appellant now contends that the confusion produced by the court-required translation deprived him of effective assistance of counsel, and interfered with his confrontation of the witnesses against him.

Article 38.30 of the Code of Criminal Procedure makes the appointment of an interpreter mandatory upon motion by the defense. The defense made such a request

and twice refused to waive the interpretor's presence, simultaneously claiming that Appellant could understand virtually all the English he heard, and that the translation was interfering with his own understanding of the testimony.

The Court of Criminal Appeals has previously found reversible harm in the deprivation of continuous, simultaneous translation. *Baltierra v. State*, 586 S.W.2d 553 (Tex.Cr.App.1979). Appellant presents a novel complaint of harm resulting from just such a procedure.

Despite his assertion of confusion, Appellant has presented no specific example of misunderstanding, inability to confront a particular witness or inability to employ the assistance of counsel in his defense. There was ample opportunity to do so, via objection, *voir dire* examination, or reexamination of the witness. No such effort was made. Although Appellant presents an issue of potential harm, he has not, in this case, demonstrated any actual injury.

In addition, Appellant seeks to link the two incidents involving the translation as support for his position. We do not find the two episodes mutually reinforcing. During *voir dire* examination of the jury panel, counsel alone was disturbed by the noise of the continuous translation. This was apparently corrected by the expedient of moving counsel's chair over a few feet.

During the second episode, there is no reassertion of the initial complaint concerning counsel's distraction. Nor was there any earlier assertion of Appellant's own confusion.

The record discloses no abuse of discretion in the trial court's ruling. Continuous, simultaneous translation provides the most effective protection of the non-English speaking defendant's rights. Trial courts cannot be placed in an untenable position of providing reversible error no matter which way they turn. Simple expedients are available on the spot to correct any actual harm which a defendant may be suffering through excessive translation. In this case, no harm has been demonstrated. Ground of Error No. One is overruled.

■ In Ground of Error No. Two, Appellant complains of the trial court's refusal to charge on the right of the accused to arm himself. Such a charge is only required when the court limits the self-defense instruction presented to the jury. *Sheppard v. State*, 545 S.W.2d 816, 820 (Tex.Cr.App. 1977).

■ In the present case, the court charged on the law of self-defense and further advised that "the use of force against another is not justified in response to verbal provocation alone." This latter instruction does not constitute a limitation on the self-defense charge. It is not equivalent to a limiting instruction concerning the accused's actions in provoking a difficulty. *See: Young v. State*, 530 S.W.2d 120 (Tex. Cr.App.1975).

The charge in *Sheppard* was virtually identical to that administered in this case. The Court of Criminal Appeals found the self-defense charge unlimited, and upheld the denial of the requested instruction on right to arm. Ground of Error No. Two is overruled.

■ Appellee's brief correctly indicates the trial court's failure to apply the indeterminate sentence law in sentencing the Appellant. This proceeding occurred prior to the September 1, 1981, amendment to the Code of Criminal Procedure, Article 42.09. Accordingly, the sentence is hereby reformed to reflect that the Appellant shall be confined in the Texas Department of Corrections for a period of not less than five (5) years nor more than thirteen (13) years.

As reformed, the conviction is affirmed.