**David Barrientes CANTU, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-85-437-CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Richard Woods, San Antonio, for appellant.

C.F. Moore, Dist. Atty., Beeville, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Appellant pled guilty to possession of marijuana of less than fifty pounds but over five pounds and elected to have a jury determine his punishment. Though he requested probation, the jury assessed punishment at ten years' imprisonment and an $8,000 fine. His sole ground of error on appeal is that the trial court erred in failing to require the presence of an interpreter during the entire proceedings. Finding no reversible error, we affirm.

■■■ TEX.CODE CRIM.PROC.ANN. art. 38.30 (Vernon Supp.1986) states, "[W]hen a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged ... does not understand and speak the English language, an interpreter must be sworn to interpret for him." The purpose of providing an interpreter for an accused is to ensure the constitutional guarantee of the right to confront witnesses under the United States and Texas Constitutions. *Flores v. State,* 509 S.W.2d 580, 580–81 (Tex.Crim.App.1974). However, the fact that an accused may be more fluent in Spanish, alone, does not require a trial court to furnish an interpreter if the accused demonstrates an ability to speak and understand English.

An interpreter was present at the hearing at which appellant entered a plea of guilty to the offense charged in the indictment. The trial court told the appellant:

THE COURT: Mr. Cantu, if you don't understand something that I am telling you, or any questions, or anything that anybody says to you or asks you in Spanish, would you ask us please to have it interpreted, and we have a young lady to interpret it.

Appellant then requested that the indictment be read to him in Spanish, which it was. The trial court questioned and admonished appellant as to his guilty plea in English and appellant answered in English. The trial court asked appellant:

THE COURT: Do you understand English fairly good? [sic]

MR. CANTU: A little bit, not much.

THE COURT: Have you been able to understand everything that is going on today with the assistance of the interpreter and the assistance of your attorney?

MR. CANTU: Yes, sir.

■ It is unclear from the record whether an interpreter was present at the outset of the punishment hearing conducted before a jury. When appellant chose to testify, the following transpired:

THE COURT: Mr. Cantu, would you stand, raise your right hand, and take this oath. Do you need an interpreter for Mr. Cantu?

MR. GONZALES [Defense Counsel]: If one is available, Your Honor.

(At this time, the witness was sworn.)

THE COURT: It is after five, and the interpreter works for the county. I am assuming she is probably not available.

MR. GONZALES: Well, let's see what we can do.

THE COURT: If you have any difficulty, we will resume until [sic] tomorrow and get the interpreter. Have a seat on the witness stand, Mr. Cantu.

Considering what followed on direct examination from the record before us, it does not appear that appellant had any trouble understanding or communicating in English.

Appellant now claims on appeal that he was unable to understand the questions asked of him and points to the following portion of his testimony on direct examination:

Q Now, you like to hunt; don't you?

A What?

Q You like to hunt?

A What is that?

Q You used to hunt?

A Yeah. *Well, lot of offices over there.*

Q Do you have rifles in your house to hunt, to kill animals like deer?

A Yeah.

Q Armadillos?

A Yeah. [Emphasis added.]

Appellant obviously misunderstood the question asked of him. However, when the inquiry was explained to him again, in English, he was able to answer. The direct examination continued, and appellant was able to give cogent answers in English.

Appellant made no claim that he could not understand the proceeding until his motion for new trial. It is clear from the record that appellant was able to understand and communicate in English reasonably well. He was able to articulate his case to the jury. *See Mares v. State*, 636 S.W.2d 627, 631 (Tex.App.—San Antonio 1982, pet. ref'd); *Frescas v. State*, 636 S.W.2d 516, 518 (Tex.App.—El Paso 1982, no pet.); *Vargas v. State*, 627 S.W.2d 785, 787 (Tex.App.—San Antonio 1982, no pet.); *cf. Nanes v. State*, 558 S.W.2d 893, 894 (Tex.Crim.App.1977). The trial court did not flatly deny appellant the services of an interpreter. The trial court appeared to be sensitive to the fact that appellant might have limited bilingual skills and was willing to provide an interpreter if the need arose. It is clear that the need did not arise. No error is present on this record. Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.