**Tan Rang NGUYEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–88–00246–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 22, 1989.

Discretionary Review Refused
Oct. 25, 1989.

---

Michael B. Charlton, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

CANNON, Justice.

Appellant was convicted of murder and sentenced by the court to imprisonment for life in the Texas Department of Corrections. On appeal, appellant alleges the trial court erred in not suppressing his confession, in refusing to appoint an interpreter to assist defense counsel, and in limiting defense counsel's cross-examination of a witness. We affirm.

The facts show that on the night of the crime, a quarrel arose at the Vietnam Kitchen restaurant between a group including appellant and a companion of the victim, Mr. Tai. Before leaving the restaurant, appellant gestured toward the deceased's group in the manner of a pistol firing. Later, when the victim and his companion left the restaurant, the appellant drove up in an automobile and beckoned to the companion. The victim went over to the appellant's car and the appellant shot him.

In his first point appellant alleges error in the trial court's refusal to suppress his confession. According to appellant, the interpreter who translated his *Miranda* warnings failed to properly apprise him of his rights. In reviewing the record, we find that the confession complained about was never introduced into evidence. Therefore, it had no possible bearing on the jury's decision as to appellant's guilt.

The trial judge, who assessed punishment, knew of the confession but there is nothing in the record to suggest he considered the confession in assessing punishment. A trial judge who serves as fact finder at the punishment stage of a trial is presumed to ignore erroneously admitted evidence. *Kimithi v. State*, 546 S.W.2d 323 (Tex.Crim.App.1977). From that it follows that a trial court is presumed to ignore arguably inadmissible evidence that is not admitted. Appellant's first point of error is overruled.

In his second point of error, appellant alleges error by the trial judge in not appointing an interpreter to serve as a member of the defense team. We disagree.

The Texas Code of Criminal Procedure states in pertinent part:

> When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him.

TEX.CODE CRIM.PROC.ANN. art. 38.30 (Vernon 1981).

Plainly, the first sentence of article 38.30 does not provide for appointment of an interpreter to act as an intermediary between a defendant and his counsel and an examination of the remainder of article 38.30 shows that nothing else therein requires or even authorizes an appointment of an interpreter for that function. The only basis for the trial court's providing an interpreter to an accused is the constitutional and statutory guarantees of confrontation under the state and federal constitutions. *Diaz v. State,* 491 S.W.2d 166 (Tex. Crim.App.1973); *Cantu v. State,* 716 S.W.2d 688 (Tex.App.—Corpus Christi 1986, no pet.). In this case, where all testimony was interpreted, we hold appellant's right to confrontation was satisfied and the trial judge did not abuse his discretion in refusing to appoint a second interpreter. We overrule appellant's second point of error.

In his final point of error, appellant contends the trial court erred in limiting defense counsel's cross-examination of a State's witness. The record shows that the victim's daughter testified for the State at trial. On cross-examination, she denied any knowledge that the deceased had operated a gambling place. Defense counsel then asked whether she knew in advance that the defense would raise the issue of her father's gambling and she said she did not. Counsel then asked: "Had anybody talked to you about that before I asked you?" The prosecutor objected that the question was irrelevant and the objection was sustained.

The trial court's decision as to limits on cross-examination should not be disturbed absent an abuse of discretion. *Satterwhite v. State,* 499 S.W.2d 314, 317 (Tex.Crim. App.1973); *Keegan v. State,* 681 S.W.2d 806, 811 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). In the present case, the question was global in nature and remote from the facts in issue at trial. Accordingly, we hold the trial judge did not abuse his discretion in sustaining the relevancy objection. Appellant's point of error three is overruled.

Accordingly, the judgment is affirmed.

ELLIS, Justice, concurring.

I concur only in the result reached by the majority. Appellant, Tan Rang Nguyen, appeals his judgment of conviction for the offense of murder. The jury found him guilty and the trial court assessed his punishment at confinement for life in the Texas Department of Corrections.

I disagree with the majority opinion as to their reasoning in overruling appellant's second point of error.

In his second point of error, appellant alleges the trial judge erred by not appointing an interpreter to serve as a member of the defense team. Article 38.30 of the Texas Code of Criminal Procedure states in pertinent part:

> When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that *a person charged or a witness* does not understand and speak the English language, *an interpreter must be sworn to interpret for him.* (emphasis added).

The majority disposed of the point of error by stating:

> Plainly, the first sentence of article 38.30 does not provide for appointment of an interpreter to act as an intermediary between a defendant and his counsel and an examination of the remainder of article 38.30 shows that nothing else therein requires or even authorizes an appointment of an interpreter for that function. The only basis for the trial court providing an interpreter to an accused is the constitutional and statutory guarantees

of confrontation under the State and Federal Constitutions. *Diaz v. State,* 491 S.W.2d 166 (Tex.Crim.App.1973); *Cantu v. State,* 716 S.W.2d 688 (Tex. App.—Corpus Christi 1986, no pet.). In this case, where all testimony was interpreted, we hold appellant's right to confrontation was satisfied and the trial judge did not abuse his discretion in refusing to appoint a second interpreter. We overrule appellant's second point of error.

I disagree with the majority's conclusory statement that appellant's Sixth amendment right to confrontation was "satisfied." The first sentence of article 38.30 *does not* say that the trial court *will not* appoint an interpreter to act as an intermediary between a defendant and his counsel. What it does say is that when *"it is determined that a person charged [the defendant] or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him."*

The issue before us is whether an interpreter is required to be appointed to assist defense counsel in his representation so that communications between counsel and his client may remain privileged, if there is a language barrier between them. My interpretation of article 38.30 mandates such an appointment by the trial court, but only if the defendant is indigent. By law, the trial court is mandated to appoint counsel for an indigent defendant where the crime is punishable by imprisonment. TEX.CODE CRIM.PROC.ANN. art. 26.04 (Vernon 1989). Likewise, the court is required to appoint an interpreter to assist defense counsel in his representation so that communication between counsel and his client are, and remain, privileged, if there is a language barrier between them.

In *Baltierra v. State,* 586 S.W.2d 553, 556, 557 (Tex.Crim.App.1979), Justice Clinton stated the following principles:

It is basic that the right of confrontation includes, as "an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal," the right to cross-examine those witnesses. Also, within the scope of the right of confrontation is the absolute requirement that a criminal defendant who is threatened with loss of liberty be physically present at all phases of proceedings against him, *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892), absent a waiver of that right through defendant's own conduct as in, e.g., *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). In a real sense, as well as the right to be physically present, one must also be mentally present to confront and be confronted by and cross-examine witnesses, for a defendant is not to be tried unless possessed of 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'a rational as well as factual understanding of the proceedings against him.' Article 46.02, Section 1(a)(1) and (2), V.A.C.C.P.; *Jackson v. State,* 548 S.W.2d 685, 691 (Tex.Cr.App.1977); *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

Physical presence and competency, essential requisites of confrontation, are personal to the accused and without affirmative action or assent by the accused those imperatives may not be disregarded or ignored by the courts. But even presence and competency do not suffice to provide confrontation where the accused does not understand the language of the forum.

I would carry these principles a step further and hold that a defendant's rights, under the Fifth and Sixth Amendments to the U.S. Constitution and Article I Sections 10 and 19 to the Texas Constitution, to due process and effective assistance of counsel mandate the trial court to appoint an interpreter to an indigent defendant to assist his defense counsel in effective representation where a language barrier exists between them and to further ensure that communications between them are, and remain, privileged.

In our case there is no showing appellant was indigent notwithstanding retained defense counsel's sworn testimony asserting the appellant was indigent. There was no

pauper's oath filed by the appellant nor did appellant testify to such. There was also conflicting testimony in the record as to whether appellant understood English, notwithstanding his contention that he only spoke Vietnamese. Because the trial record is incomplete to allow an accurate analysis, I must agree only in the result reached by the majority.

However, appellant may be able to fully develop the facts needed to obtain a new trial in a post conviction Writ of Habeas Corpus proceeding. TEX. CONST. ART. 1, § 12. TEX.CODE CRIM.PROC.ANN. art. 11.07 (Vernon 1989).