In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00041-CR


______________________________




AURELIO GOMEZ, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 194th Judicial District Court


Dallas County, Texas


Trial Court No. F01-22617-WM




 




Before Morriss, C.J., Ross and Cornelius,* JJ.


Opinion by Justice Cornelius


*William J. Cornelius, C.J., Retired, Sitting by Assignment



O P I N I O N



 Aurelio Gomez appeals from his conviction on his plea of guilty before a jury for the
offense of delivery of a controlled substance. The jury assessed his punishment at eighty
years' imprisonment and a $250,000.00 fine. Gomez was represented by appointed
counsel both at trial and on appeal. 

 Counsel filed a brief on June 18, 2002, pursuant to Anders v. California, 386 U.S.
738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has
accordingly also filed a motion to withdraw. Counsel sent Gomez a copy of his brief. The
brief contains a certificate of counsel advising Gomez that counsel believes there are no
arguable contentions of error and informing Gomez of his right to review the record and file
a pro se brief. Gomez filed a pro se brief on October 2, 2002.

 Counsel's brief discusses the record and reviews the proceedings. Counsel has
thus provided a professional evaluation of the record demonstrating why, in effect, there
are no arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807,
812 (Tex. Crim. App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991). She also reviewed the representation by appointed counsel
at trial as reflected by the record and has concluded that the record does not show that trial
counsel was ineffective. Counsel concluded from her review of the record that there is no
arguable point of error to support the appeal. 

 In his pro se brief, Gomez contends that he is entitled to a reversal because his
punishment was set by the jury, although he had previously asked in writing that
punishment be assessed by the trial court. The written document that supports his
statement is his election of punishment in a jury trial on his plea of not guilty-in which he
elected to have punishment assessed by the court. However, at some point between the
time that document was prepared and the date of trial, Gomez decided to enter an open
plea of guilty before a jury. Accordingly, the jury then assessed his punishment. 

 The record does not indicate any other reason for Gomez's change in strategy. The
record also does not contain any complaint by Gomez about the procedure. Gomez made
no objection to the procedure, and he made no complaint until now. In fact, the record
shows that Gomez affirmatively agreed that he wanted the jury to assess his punishment. 
Under these circumstances, any claim of error has not been preserved for appellate
review. Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) (Vernon Supp. 2003); Tex. R. App.
P. 33.1; Rushton v. State, 695 S.W.2d 591, 595 (Tex. App.-Corpus Christi 1985, no pet.). 

 Gomez also contends in several related arguments that his trial counsel misled him
about various activities connected with the trial. We first point out that none of these
claims is supported by the record. Gomez's command of English is evidently at best
limited, and he complains now about the interpreter's deficiencies in translating the
proceedings. Our review is limited to the record before us. The information before us does
not suggest any such deficiency on the part of the interpreter, but it is also clear that such
a claim would not typically be discernible from the written English record of the trial. Still,
the claim of error is unsupported by the record, and we thus cannot address it on its merits. 
See Hernandez v. State, 978 S.W.2d 137, 141 (Tex. App.-Austin 1998, pet. ref'd);
Mendiola v. State, 924 S.W.2d 157, 162 (Tex. App.-Corpus Christi 1995, no pet.); Frescas
v. State, 636 S.W.2d 516, 518 (Tex. App.-El Paso 1982, no pet.).

 Gomez also suggests that his counsel was ineffective in several respects based on
his failure to complain about the matters set out above and his failure to ensure the
punishment was set by the jury rather than by the court. (1) As already stated, the record
does not support a suggestion of any deficiency on counsel's part. The Texas Court of
Criminal Appeals has recognized that a reviewing court will only rarely be provided with a
record capable of providing a fair evaluation of the merits of a claim of ineffective
assistance. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); Jackson v.
State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). To defeat the presumption of
reasonable professional assistance, "[a]ny allegation of ineffectiveness must be firmly
founded in the record and the record must affirmatively demonstrate the alleged
ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). 

 This record does not support Gomez's claim. 

 We have also independently reviewed the record, and we agree with counsel that
there are no arguable points of error in this case.

 The judgment of the trial court is affirmed.


 William J. Cornelius*

 Justice


Date Submitted: November 7, 2002

Date Decided: January 3, 2003


Do Not Publish


*Chief Justice, Retired, Sitting by Assignment 
1. The standard of testing claims of ineffective assistance of counsel is set out in
Strickland v. Washington, 466 U.S. 668 (1984). To prevail on this claim, the appellant
must prove by a preponderance of the evidence (1) that his counsel's representation fell
below an objective standard of reasonableness and (2) that the deficient performance
prejudiced his defense. His claim must be supported by the record.