Affirmed and Memorandum Opinion filed July 24, 2003















Affirmed and
Memorandum Opinion filed July 24, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00857-CR

_______________

 

LUIS ALBERTO
CHIA-OCHOA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________________

 

On Appeal from 232nd District Court

Harris County, Texas

Trial Court Cause No. 893,254

___________________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant, Luis Chia-Ochoa,
pleaded guilty to possession of cocaine after the trial court denied his motion
to suppress.  The trial court sentenced
appellant to 17 years’ imprisonment.  In
two issues, appellant contends that the trial court erred by (1) overruling his
motion to suppress and (2) admitting into evidence a written consent-to-search
form without translation from Spanish to English.  We affirm. 

 








Facts

            During surveillance of a townhouse,
police saw a car driven by Jefferson Urivano[1] exit
from the townhouse garage.  The police
stopped Urivano for a traffic violation and
questioned him.  Although initially
untruthful, Urivano ultimately told the officers that
he left the townhouse and that there were drugs on the premises.  Police requested and Urivano
granted permission to search his car and the townhouse.  Urivano signed a
consent form typed in Spanish.  

            Urivano
told officers that he lived in the townhouse and paid $1,200.00 a month for
rent.  Although he could not produce a
key, Urivano explained that he used a garage door
opener to enter the home.  Officers used
the garage door opener to enter the townhouse. 
As the garage door opened, they observed appellant and another man
inside.  Appellant reached in his pocket
and threw a plastic bag containing cocaine on the floor.  Police arrested him and searched the
townhouse.  Officers found two kilos of
cocaine in a boiler pan under the stove. 
      At trial, appellant moved to
suppress the cocaine, claiming that Urivano did not
have authority to give consent for police to search the townhouse.  The trial court denied his motion.  Counsel for appellant also objected to
admission of the consent-to-search form and asked that it first be translated
from Spanish to English.  The trial court
overruled his objection and admitted the form without translation.

Standard Of Review

            We review a trial court’s ruling on
a motion to suppress using a bifurcated standard of review.  Carmouche v. State,
10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We
afford almost total deference to a trial court’s determination of historical
facts supported by the record, especially when the trial court’s fact findings
are based upon an evaluation of credibility and demeanor.  State
v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App.
2000) (citing Guzman v. State, 955
S.W.2d 85, 88–89 (Tex. Crim. App. 1997)).  We afford the same amount of deference to the
trial court’s ruling on mixed questions of law and fact, if the resolution of
those questions turns on an evaluation of credibility and demeanor.  Guzman,
955 S.W.2d at 89.  However, we review the
trial court’s application of the law to the facts de novo.  Id.  

Consent to Search

            In appellant’s first issue, he
contends the trial court erred by denying his motion to suppress.  Appellant incorporated scope of the search in
his argument; however, he did not raise that issue or argue scope of search
during the suppression hearing.  A motion
to suppress evidence is nothing more than a specialized objection to the
admissibility of evidence.  Galitz v. State, 617 S.W.2d 949, 952 n.10
(Tex. Crim. App. 1981); State v. Reed, 888 S.W.2d 117, 119 (Tex. App.—San Antonio 1994, no
pet.).  Thus, a motion to suppress must
conform to the requirements for an objection.  Tex. R. App. P. 33.1; Bradley v. State, 960 S.W.2d 791, 800
(Tex. App.—El Paso 1997, pet. ref’d).  An objection to the admission of evidence
must be specific and grounds for the objection must be clearly expressed in
order to preserve error.  Villareal v. State, 811 S.W.2d 212, 217 (Tex.
App.—Houston [14th Dist.] 1991, no pet.). 
Because his complaint on appeal differs from what he presented at the
motion to suppress hearing, we conclude appellant failed to preserve this issue
for our review.  Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim.
App. 2002) (point of error on appeal must comport with objection made at
trial); Taylor v. State, 55 S.W.3d
584, 585 (Tex. Crim. App. 2001), cert. denied, 112 S. Ct. 1123
(2002).  

            Appellant further argues that even
if appellant did give consent to search the kitchen oven, he did not have
authority to grant consent.  A warrantless entry and search is not an unreasonable search
and seizure if the officers have obtained the consent of a third party who
possesses common authority over the premises. 
United States v. Matlock, 415 U.S. 164, 171
(1974).  Common authority rests “on the
mutual use of property by persons generally having joint access or control for
most purposes.”  Id.  A third party may properly consent to a
search when the party had equal control over and equal use of the premises
being searched.  Becknell v. State,
720 S.W.2d 526, 528 (Tex. Crim. App. 1986).  In this case, the officers watched Urivano drive away from the townhouse.  He later told the officers that he lived
there and paid rent.  He further
explained that he entered the townhouse with a garage door opener and gave the
opener to the officers.  Based on these
facts, the trial court reasonably concluded that Urivano
was one of the persons who had joint access to the townhouse.  Accordingly, the trial court correctly denied
appellant’s motion to suppress because Urivano had
authority to consent to the search. 
Appellant’s first point of error is overruled. 

Consent Form

 

 class=Section3>

            In appellant’s second issue, he
contends the trial court erred in admitting the written consent form signed by Urivano without translation from Spanish to English.[2]  We review a trial court’s ruling on the
admissibility of evidence in a suppression hearing for an abuse of
discretion.  Guzman, 955 S.W.2d 89; see
also Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim.
App. 1998) (bail hearing).

            At the hearing on appellant’s motion
to suppress, the State called Officer Fernando Villasana,
who speaks Spanish and who was present after police stopped Urivano
for a traffic violation.  Officer Villasana testified that he gave Urivano
a copy of the consent form in Spanish and read it aloud to him.  Urivano told him
that he understood.  According to Officer
Villasana, Urivano then
“signed the consent for the vehicle and also for the location over at Holly
Hall.”  Officer Villasana
explained that he “clearly showed him that I was asking for consent” to search
the car and the townhouse.  After this
testimony, Officer Villasana identified the consent
to search form signed by Urivano, and the State
offered a copy of it in evidence. 
Appellant’s counsel objected, “I will object because the form we have
seen is in Spanish.  I don’t read
Spanish.  If he could explain this in
English or have the interpreter review that with us, but I am going to object
to offering anything executed in Spanish. . . .”  The court overruled the objection.

            Appellant relies on Leal v. State, 782 S.W.2d 844 (Tex. Crim. App. 1989), for the proposition that the trial court
must swear a qualified interpreter to translate an exhibit from Spanish to
English if requested in a motion or objection. 
Leal is not dispositive for several reasons.  First, Leal
involved exhibits presented to the jury during trial, not a hearing before the
trial court on a motion to suppress.  See id.
at 847.  Second, in Leal, the exhibits were a tape recording of a murder-for-hire
defendant’s conversation in Spanish with a co-conspirator, who was wearing a
wire, and an unsworn English transcription of the
recording.  Id.  In that instance, the court stated that the
recording was analogous to a non-English speaking witness’s testimony.  Id. at
849.  Thus, the court held that a sworn
interpreter pursuant to article 38.30 of the Code of Criminal Procedure was
necessary.  Id.; see Tex.
Code Crim. Proc. Ann. art. 38.30 (Vernon Supp.
2003).  Conversely, in this case, an
official interpreter was present and available to interpret the document.  Finally, the fact that an exhibit is in a
foreign language does not, in and of itself, render the exhibit
inadmissible.  Leal, 782 S.W.2d at 849.  We
thus find appellant’s reliance on Leal
unavailing.  

            Further, it is apparent that the
defense counsel in this case is not complaining about his client’s inability to
read and understand Spanish, but his own inability.  Thus, we find this case closely akin to Nguyen v. State, 774 S.W.2d 348 (Tex.
App.—Houston [14th Dist.] 1989, pet. ref’d).  In Nguyen,
we held that article 38.30 does not provide for appointment of an interpreter
to assist defense counsel.  Id. at
350.  Article 38.30 provides an
interpreter only for “a person charged or a witness” that does not speak the
English language.  Tex. Code Crim.
Proc. Ann. art. 38.30.  Thus, the
trial court was under no duty to appoint an interpreter for defense
counsel.  

            Lastly, “error regarding improperly
admitted evidence is waived if that same evidence is brought in later by the
defendant” without objection, not in “an effort to meet, rebut, destroy, deny
or explain the improperly admitted evidence.” 
Rogers v. State, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993). 
Appellant’s counsel objected to the consent form because he could not
understand Spanish.  However, on
cross-examination of a subsequent witness, appellant’s counsel did in fact
question the witness using both the form and content of the form.  If it was error to admit the form because
counsel did not understand its content without translation, such error was
waived when counsel later used the content without objection.  See
id.  Therefore, we overrule
appellant’s second issue.

                        Accordingly, the
judgment of the trial court is affirmed.

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed July 24, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 











[1]           Also known as Eddie Caicedo.





[2]           The short consent form, entitled Consentimiento a Registro/Inspectar/Examinar,
was a combination of check-the-box and fill-in-the-blank.  The following boxes were checked and these
words appeared in the blanks:

“Yo, Eddie Caicedo  Por este medio doy
mi consentimiento a R. Reeves y F. Villasana, Officiales del Departamento de la Policía de
Houston, a registrar lo seguente [sic]:

            : Vehículo descrito come [sic]:
Color: Black Año: 99 Marca: Dodge

                        Estilo
del carroceria: 4 door    Numero de licencia: M15-2FS   
Estado: TX. . . .

            : Apartamento/Casa localizada en: 3080
Holly Hall.”