ACCEPTED
07-14-00408-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/12/2015 2:08:08 PM
Vivian Long, Clerk

CASE NO. 07-14-00408-CR

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
6/12/2015 2:08:08 PM
VIVIAN LONG
CLERK

IN THE SEVENTH JUDICIAL COURT OF APPEALS
AMARILLO, TEXAS

JESUS RIVERA DAVILA
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

FROM THE 100th DISTRICT COURT OF CARSON COUNTY;

NO. 5158; HONORABLE STUART MESSER, JUDGE

**APPELLEE'S BRIEF**

Luke McLean Inman
100TH JUDICIAL DISTRICT ATTORNEY
800 West Avenue, BOX 1
Wellington, TX 79095
State Bar No. 24050806
(806) 447-0055 – Telephone
(866) 233-2738 – Facsimile
Email: luke.inman@windstream.net

ATTORNEY FOR APPELLEE

CASE NO. 07-14-00480-CR
TRIAL COURT CASE NO. 5158

IN THE SEVENTH JUDICIAL COURT OF APPEALS
AMARILLO, TEXAS

JESUS RIVERA DAVILA
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

FROM THE 100th DISTRICT COURT OF CARSON COUNTY;
NO. 5158; HONORABLE STUART MESSER, JUDGE

**APPELLEE'S BRIEF**

Respectfully submitted,

_____

Luke McLean Inman
100th Judicial District Attorney
State Bar No. 24050806
800 West Avenue, Box 1
Wellington, TX  79095
(806) 447-0055 – Telephone
(866) 233-2738 - Facsimile
Email: luke.inman@windstream.net

ATTORNEY FOR APPELLEE

## CERTIFICATE OF INTERESTED PERSONS

I hereby certify that the following listed person(s) or entities have rights which may be adversely affected by the outcome of these appeals in this Court so that the Justices of this Court may review the same to determine the need for refusal or disqualification, if necessary, herein:

1. The Defendant/Appellant, JESUS RIVERA DAVILA, is currently incarcerated and may be served with process herein at the address of his Counsel of Record, Mr. Dale A. Rabe, Jr., P.O. Box 1257, Childress, Texas 79201.

2. The Appellee, the STATE OF TEXAS, is represented herein by Luke M. Inman, District Attorney for the 100th Judicial District, 800 West Avenue, Box 1, Wellington, Texas 79095, Telephone (806) 447-0055, Facsimile (866) 233-2738, and may be served with process at his address.

TABLE OF CONTENTS
**<u>SUBJECT INDEX</u>**

<u>SUBJECT</u>:                                                                                    <u>PAGE</u>:

Certificate of Interested Persons…………………………………     i

Table of Contents……………………………………………….     ii - iii

      Subject Index…………………………………………….     ii

      Index of Authorities……………………………………     iii

Statement of the Case…………………………………………     1 - 2

Counterpoint of Error…………………………………………     3

Statement of the Facts…………………………………………     3 - 6

Summary of the Arguments……………………………………     6 - 7

Arguments and Authorities……………………………………     7 - 10

<u>COUNTERPOINT OF ERROR NUMBER ONE:</u>……………     7 - 10

THE APPELLANT WAS NOT DENIED HIS DUE PROCESS
RIGHT TO CONFRONT WITNESSES WHEN HE WAS NOT
APPOINTED AN INTERPRETER TO REVIEW THE TERMS OF
HIS COMMUNITY SUPERVISION.

Prayer……………………………………………………….     11

Certificate of Service…………………………………………     11

Certificate of Compliance …………………………………….     12

# INDEX OF AUTHORITIES

**Cases**             **Page**

*Texas Cases*

*Bustillos v. State*
464 S.W.2d 118 (Tex. Crim. App. 1971) …………………………..  7

*Cantu v. State*
716 S.W.2d 688 (Tex. App. – Corpus Christi 1986, no pet.) ……….  8

*Diaz v. State*
491 S.W.2d 166 (Tex. Crim. App. 1973) …………………………..  8

*Nguyen v. State*
774 S.W.2d 348 (Tex. App. – Houston[14th Dist.] 1989) …………..  7,8

*Statutes*

Texas Code of Criminal Procedure
Tex. Code Crim. Proc. Ann. art. 38.30 (a)(Bender 2014) ………….  7

<u>**APPELLEE'S BRIEF**</u>

**TO THE HONORABLE SEVENTH COURT OF APPEALS:**

THE STATE OF TEXAS, the Appellee in the above-styled and numbered cause, by and through her counsel of record on appeal herein, submits to this Court her Brief on Appellant's appeal responding to points of error of fact and law in the trial court below as follows:

For convenience, the State of Texas, Appellee, will hereinafter be referred to as the State, and the Appellant, Jesus Rivera Davila, will hereinafter be referred to as the Appellant, throughout the remainder of this brief. References to the Reporter's Record are designated as "(R.R. Vol. #, page #, line (s) #)" and the Clerk's Record are designated as "(C.R. page #)."

<u>**STATEMENT OF THE CASE**</u>

On April 22, 2013, in Cause Number 5158, in Carson County, Texas, the Appellant pleaded guilty to the first degree felony offense of possession of a controlled substance. R.R. Vol. 1, p. 8, L 22 – p. 9, L 3. The trial court placed Appellant on deferred adjudication community supervision for a period of five years and ordered Appellant to pay a fine and lab fees and complete 400 hours of community service and pay an out-of-state probation transfer fee. R.R. Vol. 1, p. 23, LL 16-18.

On March 7, 2014, the State filed a Motion to Adjudicate, alleging that the Appellant had violated his deferred adjudication community supervision by committing the offense of possession of cocaine and the offense of possession of drug paraphernalia on or about October 14, 2013 in Polk, County, Florida; by consuming cocaine; by failing to report monthly by mail for November 2013; and by failing to complete the required hours of community service. R.R. Vol. 1, p. 10, LL 22-25, p. 11, LL 11-25, p. 12, LL 1-3.

On November 19, 2014, the trial court conducted a hearing on the Motion to Adjudicate. R.R. Vol. 1, p. 1, L 13. The Appellant pleaded not true to all of the allegations. R.R. Vol. 1, p. 14, L 20. At the conclusion of the hearing, the trial court found that the Appellant had violated the terms of his community supervision by committing the offense of possession of drug paraphernalia, by failing to report monthly by mail for the month of November 2013, and by failing to complete the required hours of community service. R.R. Vol. 1, p. 62, LL 7-14. The trial court then adjudicated the Appellant guilty of the first degree felony offense of possession of a controlled substance. R.R. Vol. 1, p. 62, LL 15-17. The trial court assessed the Appellant's punishment at incarceration for a term of 55 years and the remainder of the $2,000 fine. R.R. Vol. 1, p. 96, LL 2-3.

## COUNTERPOINT OF ERROR

## COUNTERPOINT OF ERROR NUMBER ONE:

**THE APPELLANT WAS NOT DENIED HIS DUE PROCESS RIGHT TO CONFRONT WITNESSES WHEN HE WAS NOT APPOINTED AN INTERPRETER TO REVIEW THE TERMS OF HIS COMMUNITY SUPERVISION.**

## STATEMENT OF THE FACTS

On March 7, 2014, the State filed a Motion to Adjudicate, alleging that the Appellant had violated his deferred adjudication community supervision by committing the offense of possession of drug paraphernalia and the offense of possession of cocaine on or about October 14, 2013; by consuming cocaine on or about May 25, 2013 and August 3, 2013; by failing to report monthly by mail for November 2013; and by failing to complete the required community service hours. R.R. Vol. 1, p. 10, LL 14-25; p. 11, LL 16-25; p. 12, LL 1-3.

On November 19, 2014, the trial court conducted a hearing on the Motion to Adjudicate. R.R. Vol. 1, p. 1, L 13. The trial court appointed an interpreter to assist the Appellant during the hearing. R.R. Vol. 1, p. 7. The Appellant pleaded not true to all of the allegations. R.R. Vol. 1, p. 14, L 20.

During the hearing, the State presented the testimony of Mr. Mark White, a Community Supervision Officer with the 100th Judicial District Community Supervision and Corrections Department. R.R. Vol. 1, p. 16, L 24. Mr. White testified that on April 22, 2013, he performed the intake interview with the

Appellant after the Appellant pleaded guilty to the first degree felony offense of possession of a controlled substance. R.R. Vol. 1, p. 18, L 22; p. 20, LL 3-6. Mr. White testified that during his intake interview with the Appellant, the Appellant gave no indication that he needed an interpreter to fully understand the terms of his community supervision. R.R. Vol. 1, p. 21, LL 9-13. Mr. White testified that the Appellant did not ask for assistance with any translation and did not request the assistance of an interpreter. R.R. Vol. 1, p. 21, L 16; p. 34, L 25. Mr. White further testified that there is an interpreter on staff and that he would ask for the interpreter's assistance if he felt that it was needed or if the Appellant requested the interpreter. R.R. Vol. 1, p. 21, LL 9-13; p. 34, L 18. Mr. White testified that he read each individual condition to the Appellant and that the Appellant indicated that he understood all of the conditions read to him. R.R. Vol. 1, p. 25, LL 12-13; p. 26, L 15. Mr. White also testified that the Appellant answered all of the questions required in the paperwork such as where he lives, how old he is and who he lives with and that Mr. White was able to understand the Appellant. R.R. Vol. 1, p. 38, LL 1-4.

During the hearing, the State also presented the testimony of Ms. Carol Holcomb, the Assistant Director and Community Supervision Officer with the 100th Judicial District Community Supervision and Corrections Department. R.R. Vol. 1, p. 41, L 15-16. Ms. Holcomb testified that she was the indirect

supervision officer for the Appellant in Texas and that the Appellant saw a probation officer directly in Florida. R.R. Vol. 1, p. 43, LL 12-20. Ms. Holcomb testified that the Appellant was on probation for less than eight months when she filed a violation report. R.R. Vol. 1, p. 44, L 3. Ms. Holcomb testified that the Appellant failed to report by mail for the month of November 2013. R.R. Vol. 1, p. 55, LL 4-6. Ms. Holcomb also testified that the Appellant failed to complete 100 hours of community service by October 1, 2013, as required in the conditions of his community supervision. R.R. Vol. 1, p. 55, LL 9-11. Ms. Holcomb testified that the Appellant had only completed 67.5 hours of community service. R.R. Vol. 1, p. 55, L 23. Ms. Holcomb also testified that she did not need an interpreter when she spoke with the Appellant. R.R. Vol. 1, p. 58, LL 16-18.

Ms. Holcomb also testified that she had received an offense report from the Appellant's probation officer in Florida. R.R. Vol. 1, p. 45, L 20. The Court admitted State's Exhibit 3, which contained court documents from Polk County, Florida with the charges of possession of cocaine and possession of drug paraphernalia against the Appellant. R.R. Vol. 1, p. 49, LL 11-13; State's Exhibit 3. State's Exhibit 3 also contained a Memo of Sentence/Order of the Court, which sentenced the Appellant to 120 days in jail for possession of drug paraphernalia. R.R. Vol. 1, p. 52, LL 12-15; State's Exhibit 3. Ms. Holcomb testified that the

Appellant's probation officer in Florida told her that the Appellant admitted in writing on two occasions that he used cocaine. R.R. Vol. 1, p. 54, LL 18-25.

After the presentation of the evidence, the State waived the violation that the Appellant possessed cocaine and the violation that the Appellant consumed cocaine. R.R. Vol. 1, p. 61, LL 13-19. The trial court then found that the Appellant had violated the terms of his community supervision by committing the offense of possession of drug paraphernalia; by failing to report by mail for the month of November 2013; and by failing to complete the required community service hours. R.R. Vol. 1, p. 62, LL 7-14. The trial court adjudicated the Appellant guilty of the first degree felony offense of possession of a controlled substance. R.R. Vol. 1, p. 62, LL 15-17. The trial court assessed the Appellant's punishment at incarceration for a term of 55 years. R.R. Vol. 1, p. 96, LL 2-3.

## SUMMARY OF THE ARGUMENTS

The trial court did not violate the Appellant's due process right to confront witnesses by not appointing an interpreter to review the terms of the Appellant's community supervision. Under Article 38.30 of the Code of Criminal Procedure, the trial court is not required to appoint an interpreter to assist with the community supervision intake interview as it is not part of a criminal proceeding. In addition, an interpreter was not necessary for the review of the Appellant's terms of community supervision as the Appellant communicated successfully in English

with the community supervision officer and never requested an interpreter. Furthermore, the Appellant fails to affirmatively state that he did not understand the terms of his community supervision.

Therefore, this case should be affirmed for the State.

## ARGUMENTS AND AUTHORITIES

## COUNTERPOINT OF ERROR NUMBER ONE:

**THE APPELLANT WAS NOT DENIED HIS DUE PROCESS RIGHT TO CONFRONT WITNESSES WHEN HE WAS NOT APPOINTED AN INTERPRETER TO REVIEW THE TERMS OF HIS COMMUNITY SUPERVISION.**

When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for the person charged or the witness. Tex. Code Crim. Proc. Ann. art. 38.30 (a)(Bender 2014). In general, the appointment of an interpreter is reviewed for an abuse of discretion. *Bustillos v. State*, 464 S.W.2d 118, 126 (Tex. Crim. App. 1971).

In *Nguyen v. State*, the Appellant was convicted of murder and appealed in part that the trial court erred in refusing to appoint an interpreter to assist defense counsel. *Nguyen v. State*, 774 S.W.2d 348 (Tex. App. – Houston[14th Dist.] 1989). In affirming the conviction, the *Nguyen* court held that where all testimony was interpreted, the appellant's right to confrontation was satisfied and the trial judge

did not abuse his discretion in refusing to appoint a second interpreter. *Id.* at 350.

The *Nguyen* court stated that plainly, the first sentence of article 38.30 does not provide for appointment of an interpreter to act as an intermediary between a defendant and his counsel. *Id.* The *Nguyen* court held that the only basis for the trial court's providing an interpreter to an accused is the constitutional and statutory guarantees of confrontation under the state and federal constitutions. *Id.*, citing *Diaz v. State*, 491 S.W.2d 166 (Tex. Crim. App. 1973); *Cantu v. State*, 716 S.W.2d 688 (Tex. App. – Corpus Christi 1986, no pet.).

In the current case, the Appellant received the assistance of an interpreter during his plea hearing and during his revocation hearing but complains that the court erred in not appointing an interpreter for his community supervision intake interview. *See* Appellant's Brief. Article 38.30 of the Texas Code of Criminal Procedure provides for the appointment of an interpreter during a criminal proceeding. As stated in *Nguyen*, the only basis for the trial court's providing an interpreter to an accused is the constitutional and statutory guarantees of confrontation under the state and federal constitutions. The community supervision intake interview is not a criminal proceeding. The Appellant will not be confronting witnesses or hearing testimony during the intake interview when the terms of his community supervision are explained to him. Thus, the appointment of an interpreter is not required under Article 38.30 for intake interviews. Since

the intake interview is not a criminal proceeding, the trial court is not required to appoint an interpreter to assist with the intake interview.

Furthermore, in the case at hand, the Appellant did not need an interpreter to review the terms of his community supervision. Mr. White, the community supervision officer who conducted the Appellant's intake interview, testified that the Appellant was able to communicate in English, answered questions in English, completed paperwork in English and indicated that he understood the terms of his community supervision. R.R. Vol. 1, p. 35, LL 6-9; p. 36, LL 2-5; p. 38, LL 1-4. In addition, the Appellant never requested an interpreter or asked for any assistance with translation during the intake interview. R.R. Vol. 1, p. 21, L 16; p. 34, L 25. The 100th District Community Supervision and Corrections Department has an interpreter on staff, who would have assisted the Appellant if the Appellant had requested an interpreter or if Mr. White thought that an interpreter was necessary. R.R. Vol. 1, p. 21, LL 9-13; p. 34, L 18. Thus, the community supervision officer had no indication that the Appellant needed an interpreter to review the terms of his community supervision and the Appellant never requested an interpreter.

In addition, while the Appellant was appointed an interpreter for his plea and for his revocation hearing, the Appellant indicated his ability to speak English in court as he was able to answer the court in English during his revocation hearing. R.R. Vol. 1, p. 13, LL 11-12. Also, Ms. Holcomb, the Appellant's indirect

probation officer, testified that she spoke to the Appellant in English and did not need an interpreter when communicating with him.  R.R. Vol. 1, p. 58, LL 16-18.

Lastly, the Appellant does not affirmatively state in his brief that he did not understand the terms of his community supervision nor did he complain of not understanding the terms of his community supervision during his revocation hearing.  The Appellant complains in general in his brief that he was not given an interpreter to review the terms of his community supervision but he does not state that he did not understand the terms of his community supervision.  *See* Appellant's Brief.

Therefore, in the case at hand the trial court did not violate the Appellant's due process right to confront witnesses by not appointing an interpreter to review the terms of the Appellant's community supervision.  Under Article 38.30 of the Code of Criminal Procedure, the trial court is not required to appoint an interpreter to assist with the community supervision intake interview as it is not part of a criminal proceeding.  In addition, an interpreter was not necessary for the review of the terms of community supervision as the Appellant communicated successfully in English with the community supervision officer and never requested an interpreter.  Finally, the Appellant fails to affirmatively state that he did not understand the terms of his community supervision.

## PRAYER FOR RELIEF

The State of Texas respectfully requests this Honorable Court to affirm the

Trial Court's adjudication as well as the conviction of Appellant in all respects.

Respectfully Submitted by,

_____

LUKE MCLEAN INMAN
100TH JUDICIAL DISTRICT ATTORNEY
800 West Avenue, BOX 1
Wellington, TX 79095
State Bar No. 24050806
(806) 447-0055 – Telephone
(866) 233-2738 – Facsimile
Email: luke.inman@windstream.net

## CERTIFICATE OF SERVICE

I, Luke M. Inman, hereby certify that a true and correct copy of the

foregoing Brief was on this the 12th day of June, 2015, forwarded to counsel of

record by the United States Postal Service in accordance with the Texas Rules of

Appellate Procedure.

_____

Luke M. Inman, District Attorney

## CERTIFICATE OF COMPLIANCE

I, Luke M. Inman, hereby certify that the above and foregoing Appellee's Brief is <u>2,598</u> words in its completion, signed on this the 12th day of June, 2015, in accordance with the rules governing same.

 

_____
Luke M. Inman, District Attorney