**Stephen Morris HATCHELL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–83–220–CR.**

Court of Appeals of Texas, Beaumont.

Aug. 30, 1984.

James Makin, Nederland, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was indicted for aggravated rape of a child and incest. When the cause was called for trial, the State moved to proceed only on aggravated rape of a child. He was convicted by a jury, and the jury assessed punishment at ninety-nine years in the Texas Department of Corrections. From this judgment appellant has perfected appeal to this Court.

Appellant's sole ground of error urges: "The trial court erred in not conducting an examination into the competency of the State witness pursuant to Article 38.06, V.A.C.C.P."

Before the State's witness Jimmy Jones, age eleven, testified, defendant's counsel addressed the court as follows:

"Your Honor, before we go forward, I would like to take the witness on voir dire.

"THE COURT: What for?

"[DEFENSE COUNSEL]: To see if he knows the difference between right and wrong.

"THE COURT: Jimmy, how old are you, please?

"THE WITNESS: Eleven.

"THE COURT: Your request is denied ...."

*TEX. CODE CRIM.PROC.ANN. art. 38.-06* (Vernon 1979) states in relevant part:

"All persons are competent to testify in criminal cases except the following:

. . . . .

"2. Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath."

So it can be seen that defense counsel's objection did not reach the matters which *art. 38.06* speaks of and, in the absence of an objection leveled at the competency of a witness, it has been held the trial court has no duty to conduct a competency hearing. *Franco v. State,* 492 S.W.2d 534 (Tex.Crim.App.1973).

Even if we stretch counsel's request for a voir dire examination into a proper objection, still we would not be authorized to reverse unless we find an abuse of dis-

cretion from the entire record. *Villarreal v. State*, 576 S.W.2d 51 (Tex.Crim.App. 1978), *cert. denied*, 444 U.S. 885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979); *Martini v. State*, 629 S.W.2d 253 (Tex.App.—Corpus Christi 1982, no writ). There is nothing in Jimmy Jones' testimony to suggest he was not intelligent or observant. His testimony was certainly not crucial to the State; it established only that the father [appellant] was in a locked room with his 11-year-old daughter [K--], and that the daughter was crying. This evidence was established by other witnesses.

The daughter, [K--], eleven years old, took the stand and, without objection, detailed how her father told her to undress or he would hit her, then he raped her. Jimmy Jones' testimony, in the light of all the other testimony, was not harmful to appellant. *See Weddle v. State*, 628 S.W.2d 268 (Tex.App.—Corpus Christi 1982, no writ). This ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.