Santos **MONTOYA,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–90–165–CR.

Court of Appeals of Texas, Corpus Christi.

June 6, 1991.

Glen A. Barnard, Harlingen, for appellant.

Ben Euresti, Jr., Luis V. Saenz, County Crim. Dist. Attys., Brownsville, for appellee.

## OPINION

HINOJOSA, Justice.

A jury found appellant, Santos Montoya, guilty of murder. *See* TEX.PENAL CODE ANN. § 19.02(a) (Vernon 1990). His punishment was assessed by the jury at confinement for eighty-five years in the Texas Department of Criminal Justice, Institutional Division. He appeals by one point of error. We affirm.

Appellant does not speak English. A qualified translator was appointed by the trial court. *See* TEX.CODE CRIM.PROC.ANN. art. 38.30 (Vernon 1990). During trial, several witnesses were called who testified in English. This testimony was translated into Spanish. A medical emergency arose during the proceedings and the translator left. The trial court, noting that the bailiff spoke Spanish, appointed the bailiff as interpreter. Appellant did not object. The bailiff then interpreted the proceedings until the interpreter returned. During this period four police officers testified for the State.

By appellant's sole point of error, he complains that the trial court erred in appointing the bailiff as an interpreter without determining whether he was qualified, and that this error infringed his right to confrontation. The issue presented here is whether the trial court erred in appointing the bailiff as an interpreter without establishing on the record his qualifications.

After a motion for appointment of an interpreter, and a showing that the defendant does not speak English, an interpreter must be provided to interpret the proceedings. TEX.CODE CRIM.PROC.ANN. art. 38.30 (Vernon 1990); *see also Garcia v. State*, 151 Tex.Cr.R. 593, 210 S.W.2d 574, 579–80 (Tex.Crim.App.1948). Any person may appear to act as an interpreter under the same rules as provided for witnesses.

The only requirement is that the person interpreting possess adequate interpreting skills, especially in the use of slang. This article protects the defendant's right to confrontation under the state and federal constitutions. *Baltierra v. State,* 586 S.W.2d 553, 558 (Tex.Crim.App.1979); *Diaz v. State,* 491 S.W.2d 166, 168 (Tex.Crim. App.1973); *Cantu v. State,* 716 ˙S.W.2d 688, 689 (Tex.App.—Corpus Christi 1986, no pet.).

■ Under the rules regarding testimony by witnesses, and in particular, whether a witness is competent to testify, an objection is required to preserve error in the admission of testimony. *See Carr v. State,* 475 S.W.2d 755, 757 (Tex.Crim.App.), *cert. denied,* 409 U.S. 1099, 93 S.Ct. 919, 34 L.Ed.2d 682 (1972); *Hatchell v. State,* 679 S.W.2d 614, 615 (Tex.App.—Beaumont 1984, no pet.). Thus, appellant waived his right to complain of this alleged error because he did not object to the use of the bailiff as an interpreter. *Solis v. State,* 647 S.W.2d 95, 98–99 (Tex.App.—San Antonio 1983, no pet.).

■ In addition, we note that competency is a question for the court, and a ruling on this subject will be reversed only for an abuse of discretion. *Minor v. State,* 659 S.W.2d 161, 163 (Tex.App.—Fort Worth 1983, no pet.) (translator). There is no evidence that the bailiff was not competent to act as an interpreter.[1] The trial court was not under a duty to interrogate the interpreter to determine his qualifications; rather, if there was a question concerning his qualifications, appellant should have objected and made a record. Appellant has not directed this court to any part of the record where alleged errors in translation occurred which prevented him from confronting the witnesses. *See Frescas v. State,* 636 S.W.2d 516, 518 (Tex.App.—El Paso 1982, no pet.) (appellant did not establish harm where he failed to show misunderstanding or inability to confront a witness). Thus, even if there were error in the record, it would be harmless. TEX. R.APP.P. 81(b)(2).

We overrule appellant's sole point of error. Appellant's conviction is AFFIRMED.

---

1. The trial court believed that the bailiff was an adequate interpreter because he said so.