Juan Manuel GUERRERO, Appellant

v.

The STATE of Texas, Appellee.

No. 10–00–00217–CR.

Court of Appeals of Texas,
Waco.

July 14, 2004.

John J. Davis, Angleton, for Appellant.

Matthew W. Paul, State Prosecuting Attorney, Austin, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.*

## OPINION ON REHEARING

FELIPE REYNA, Justice.

On original submission, this Court overruled Appellant Juan Manuel Guerrero's sole issue and affirmed the conviction. The State Prosecuting Attorney filed a motion for rehearing which was granted.

Guerrero contended in his sole issue that the trial court abused its discretion by failing to appoint an interpreter to assist him during sentencing. This Court determined that the statutory right to an interpreter under article 38.30 of the Code of Criminal Procedure is a category two right under *Marin*[1] "when the record affirmatively demonstrates that the accused does not understand and speak the English language." Because the trial court was aware that Guerrero did not understand or speak English, we rejected the State's argument that Guerrero had failed to preserve this issue for review. We held that the court abused its discretion by failing to appoint an interpreter for Guerrero. We concluded, however, that Guerrero was not harmed by the error.

On rehearing, the SPA contends that: (1) Guerrero is being denied effective assistance of counsel because the attorney who represented him on original submission has been hired by the district attor-

---

* Former Chief Justice Rex D. Davis authored the July 23, 2003 opinion on original submission, but he resigned effective August 4, 2003. Justice Reyna, who took the oath of office on January 5, 2004, participated in the decision on rehearing.

1. *Marin v. State,* 851 S.W.2d 275 (Tex.Crim. App.1993).

ney; and (2) this Court should reexamine its decision regarding the appointment of an interpreter. Because the trial court has appointed other counsel to represent Appellant in this matter, we do not address the SPA's first ground for rehearing.

The SPA contends that the right to an interpreter under article 38.30 should not be construed as a category two right under *Marin*. However, the Court of Criminal Appeals has expressly rejected the SPA's position. *See Garcia v. State*, No. 489–03, —— S.W.3d ——, ——, 2004 WL 574554, at *8–9 (Tex.Crim.App. Mar. 24, 2004) (citing this Court's decision on original submission).

The SPA also asks this Court to reexamine the holding on original submission that a trial court abuses its discretion by permitting a defendant's attorney to act as interpreter. Article 38.30 authorizes a trial court to appoint "[a]ny person" to act as an interpreter. TEX.CODE CRIM. PROC. ANN. art. 38.30 (Vernon Supp.2004). Thus, it appears that the trial court retains broad discretion in determining whom to appoint.

■ Although, the statute does not expressly prohibit the appointment of trial counsel as interpreter, an attorney's professional obligation to his client may conflict with the interpreter's duty to interpret the proceedings fully and fairly in some cases. In the context of a vigorously contested trial for example, an interpreter/attorney's duty to interpret may unnecessarily distract from his duty to plan and execute a trial strategy designed to provide zealous representation of the accused. Conversely, in a straightforward guilty-plea proceeding, an attorney might simultaneously serve as interpreter without much difficulty or distraction. Thus, the question of whether trial counsel should serve as an interpreter should be decided on a case-by-case basis, giving appropriate deference to the discretion of the trial court in the conduct of trial proceedings. *See State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 199 (Tex.Crim.App.2003) (orig. proceeding) ("a trial court's inherent power includes broad discretion over the conduct of its proceedings.").

■ At sentencing, the court in essence orally appointed Guerrero's counsel to interpret the proceedings for Guerrero. Article 38.30 does not require a written order of appointment. Guerrero does not contend on appeal that his attorney failed to properly interpret the proceedings for him. No witnesses testified at the sentencing hearing, and the hearing presented no complexities which would have hindered counsel's ability to effectively represent Guerrero while interpreting the proceedings for him. Accordingly, we conclude that the trial court did not abuse its discretion by asking Guerrero's trial counsel to interpret the sentencing proceedings.

We affirm the judgment.