NUMBER 13-02-146-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

FRANCISCO ESQUIVEL CASTANEDA, JR.,
A/K/A MARIO CASTANEDA,                                                      Appellant,

v. 
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 93rd District Court of Hidalgo County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
Appellant, Francisco Esquivel Castaneda, Jr. (a/k/a Mario Castaneda), appeals pro
se from the judgment of the trial court in two issues: (1) the trial court abused its discretion
in failing to provide a qualified interpreter for Castaneda after defense counsel so
requested; and (2) defense counsel failed to provide effective assistance of counsel. 
Castaneda’s appellate counsel has also filed an Anders brief with this Court asserting that
this appeal is wholly frivolous. See Anders v. California, 386 U.S. 738, 744 (1967). 
Because we conclude that the trial judge provided qualified interpreters for Castaneda and
that defense counsel was effective, we affirm. Further, because our Anders-based review
of the entire record reveals no other grounds for error, we affirm. 
Procedural History
Castaneda was originally found guilty of two counts of aggravated robbery, one
count of aggravated kidnapping, and one count of aggravated sexual assault. The jury
assessed punishment at ninety-nine years’ imprisonment and a $10,000 fine. 
Castaneda appealed to this Court. See Castaneda v. State, 28 S.W.3d 685, 687
(Tex. App.–Corpus Christi 2000, no pet.). We affirmed his conviction, but found that the
trial court had erred in denying Castaneda’s request for a new trial on punishment, and
remanded the case for a new trial on punishment only. Id. at 697. 
The punishment-only retrial was held in November 2001, after which the jury
assessed Castaneda’s punishment at sixty-five years’ imprisonment. Following
pronouncement of this sentence, Castaneda filed a notice of appeal. His attorney
submitted an Anders brief and Castaneda filed a pro se brief asserting two issues for our
review. 
Qualified Interpreter
By his first issue, Castaneda alleges that the trial judge committed an abuse of
discretion by failing to provide a qualified interpreter for him at his punishment-only retrial
after he requested one through his attorney.
The constitutional right to confrontation has been interpreted in Texas to include the
right of a criminal defendant to understand the testimony of witnesses against him. See
Garcia v. State, 2004 Tex. Crim. App. LEXIS 519, at *12-13 (Tex. Crim. App. Mar. 24,
2004) (designated for publication); Baltierra v. State, 586 S.W.2d 553, 556-57 (Tex. Crim.
App. 1979). In the case of non-English-speaking defendants, this right to understand the
proceedings is implemented through article 38.30(a) of the Texas Code of Criminal
Procedure, which requires that “when . . . it is determined that a person charged or a
witness does not understand and speak the English language, an interpreter must be
sworn to interpret for him.” Tex. Code Crim. Proc. Ann. art. 38.30(a) (Vernon Supp. 2004). 
When the trial court is aware that a defendant does not speak or understand English, the
court has an independent duty to implement the defendant’s right to an interpreter in the
absence of a knowing and voluntary waiver of this right by the defendant. Garcia, 2004
Tex. Crim. App. LEXIS 519, at *29. 
Any person proficient in the language spoken by the defendant may be designated
as an interpreter for the proceedings by the court. Tex. Code Crim. Proc. Ann. art.
38.30(a). When official court interpreters are unavailable, translation duties can be
properly assumed by a bailiff, see Montoya v. State, 811 S.W.2d 671, 673 (Tex.
App.–Corpus Christi 1991, no pet.); Castillo v. State, 807 S.W.2d 8, 9 (Tex. App.–Corpus
Christi 1991, pet. ref’d), or in some cases by the defendant’s own attorney. See Guerrero
v. State, 2004 Tex. App. LEXIS 6382, at *3 - 4 (Tex. App.–Waco July 14, 2002, no pet.)
(designated for publication). The question of an interpreter’s competency and
qualifications is committed to the discretion of the trial court and absent an abuse of this
discretion, decisions on this subject will not be disturbed on appeal. Montoya, 811 S.W.2d
at 673.
Castaneda, through his attorney, Rogelio Garza, requested an interpreter at the
beginning of the trial. As the official interpreter was not present, Garza suggested having
the bailiff act in this capacity: “Judge, in the last trial, we had an interpreter for him, and
at this time, Judge, I have no problem in the voir dire. Now that the first witness is there,
I’d like to get an interpreter, if your bailiff would be the one.” After a discussion regarding
whether Castaneda was entitled to an interpreter, the judge told the bailiff to interpret and
noted aloud, “The record will reflect that the bailiff will interpret for the defendant’s
understanding.”
On the second day of the trial, the judge announced in the morning that the bailiff,
although present, was ill. Garza suggested that he himself interpret for his client. Although
the testimony is ambiguous, it appears that the judge ultimately directed the bailiff to
continue translating the proceedings for Castaneda. In the afternoon session, the judge
noted, “The record will also reflect that the bailiff will interpret for the defendant. When he
does have to walk out, Mr. Garza, if you would assist the court in interpreting?” Garza
responded, “Yes, your honor, I will.” The record does not reflect the bailiff leaving the
proceedings at any time.
Castaneda asserts in his pro se brief that the proceedings were translated for him,
but he disputes the qualifications of his ad hoc interpreters. A trial court has no duty to
formally question interpreters in order to determine their qualifications. Montoya, 811
S.W.2d at 673; see also Mendiola v. State, 924 S.W.2d 157, 166 (Tex. App.–Corpus
Christi 1995, pet. ref’d) (J. Yanez, dissenting). If there is a question concerning a
translator’s qualifications, a defendant must object and make a record of the objection. 
Montoya, 811 S.W.2d at 673; Castillo, 807 S.W.2d at 9 (“At no time did appellant’s attorney
request that another person be appointed to serve as [interpreter] . . . . Appellant’s failure
to object at trial waives any error on appeal.”). Here, Castaneda, through counsel,
suggested the use of both the bailiff and his counsel as interpreters, and made no
objection to their abilities or qualifications. While there is concern that a defendant might
not be able to effectively object to his own attorney’s qualifications as his interpreter, we
note that in this case the record reflects that only the bailiff acted as Castaneda’s in-court
interpreter. As Castaneda has waived any objection to the qualifications of the bailiff as
his interpreter, we conclude that the trial court did not abuse its discretion in using the bailiff
as an interpreter throughout the second punishment trial. We overrule Castaneda’s first
issue.  
Effective Assistance
By his second issue, Castaneda asserts that his trial counsel failed to render
effective assistance of counsel. 
This Court uses the two-pronged Strickland test to determine whether
representation was so inadequate that it violated a defendant’s Sixth Amendment right to
counsel. See Strickland v. Washington, 466 U.S. 668, 684 (1984) (recognizing the Sixth
Amendment right to counsel); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App.
1986); Alfano v. State, 780 S.W.2d 494, 495 (Tex. App.–Corpus Christi 1989, no pet.). To
establish ineffective assistance of counsel, appellant must show (1) his attorney’s
representation fell below an objective standard of reasonableness, and (2) there is a
reasonable probability that, but for his attorney’s errors, the result of the proceeding would
have been different. Strickland, 466 U.S. at 687; Hernandez, 726 S.W.2d at 55. Whether
this test has been met is to be judged on appeal by the totality of the representation, not
by isolated acts or omissions. Rodriguez v. State, 899 S.W.2d 658, 665 (Tex. Crim. App.
1995). 
The burden is on appellant to prove ineffective assistance of counsel by a
preponderance of the evidence. Munoz v. State, 24 S.W.3d 427, 434 (Tex. App.–Corpus
Christi 2000, no pet.). Appellant must overcome the strong presumption that counsel’s
conduct fell within the wide range of reasonable professional assistance. Id. Also, the acts
or omissions that form the basis of appellant’s claim of ineffective assistance must be
evidenced by the record. See Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App.
1999). 
Castaneda points to the following exchange as demonstrative of his counsel’s
ineffectiveness:
Court: Mr. Garza, you had requested that my bailiff be interpreting for
your client. I believe your client understands English. I believe it’s a
waste of time. Also, my bailiff is — it’s a waste of court resources and
my bailiff is ill. So unless you present me with some authority that
says that your English-understanding client somehow needs to have
a comfort level whereby he’s more comfortable having someone
sitting next to him translating what’s going on, your request is going
to be denied for today. Do you have any such authority?
 
Garza: Not at this time, Judge. I would need half an hour or so,
Judge, to go downstairs.
 
Castaneda argues that this was a clear demand by the court for his attorney to
present article 38.30(a) of the criminal procedure code as authority for his request. In his
pro se brief, Castaneda asserts “There can be NO question that (Garza) failed to present
T.C.C.P. article 38.30(a) to the trial court as ordered, which resulted in Judge Delgado
denying defense counsel’s request for an appointment of an interpreter for the appellant.”
We note initially that Castaneda incorrectly characterizes the record. Judge
Delgado did not deny his request for an interpreter; rather, he assigned the bailiff to act as
Castaneda’s translator when the request was made. In addition, Castaneda’s attorney did
not err by failing to present article 38.30(a) to the court; the court was not looking for
general authority but rather wanted authority which required the assignment of an
interpreter to someone who already had some understanding of the English language. 
Regardless of this exchange, an adequate interpreter was named. Thus, given that
defense counsel sought and obtained translation as required by his client, Castaneda
cannot show that either prong of the Strickland test was violated. Counsel’s actions were
reasonable and failed to change the outcome of the proceedings. See Strickland, 466 U.S.
at 687. We overrule Castaneda’s second issue.
Anders Brief
In addition to Castaneda’s pro se brief, appellant’s counsel has filed a brief and
motion to withdraw in which he concludes that appellant has no non-frivolous grounds for
appeal. See Anders, 386 U.S. at 744. Counsel certifies that he diligently reviewed the
complete record and researched the law applicable to the facts and issues contained
therein, and he concludes that he was unable to find any error which would arguably
require a reversal of the trial court’s sentence. See id.; see also High v. State, 573 S.W.2d
807, 812-13 (Tex. Crim. App. 1978). Although counsel’s brief does not advance any
arguable grounds of error, it does present a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced on appeal. See Currie
v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); High, 573 S.W.2d at 812. We
conclude counsel’s brief meets the requirements of Anders. See Anders, 386 U.S. at 744;
High, 573 S.W.2d at 812. 
Upon receiving a “frivolous appeal” brief, appellate courts must conduct a full
examination of all the proceedings to decide whether the case is wholly frivolous. Penson
v. Ohio, 488 U.S. 75, 80 (1988). Having reviewed the entire record, we find that there are
no reversible grounds of error and we affirm the judgment of the trial court. In accordance
with Anders, appellant’s attorney has asked permission to withdraw as counsel for
appellant. See Anders, 386 U.S. at 744. We grant his motion to withdraw. We further
order counsel to notify appellant of the disposition of this appeal and of the availability of
discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per
curiam). 
 
                                                                _______________________
DORI CONTRERAS GARZA,
                                                                Justice
 
Do not publish. 
Tex.R.App.P. 47.2(b) 
Memorandum Opinion delivered 
and filed this the 4th day of November, 2004.