FONSECA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-021-CR

IVAN ANTONIO FONSECA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

INTRODUCTION

Appellant was indicted for sexual assault of a child under seventeen.  He entered an open plea of guilty and the trial court sentenced him to eighteen years’ confinement.  In his sole issue Appellant complains the trial court erred by not appointing a certified court interpreter during the plea of guilty.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

As the sufficiency of the evidence is not challenged, a brief recitation of the facts will suffice.  On September 25, 2003, Appellant’s counsel filed a motion requesting a Spanish language interpreter for Appellant.  A hearing was held that day, during which Appellant pleaded guilty.  At the hearing, Appellant’s counsel was sworn in as Appellant’s interpreter.  Appellant’s counsel reiterated that he had filed a motion for an interpreter because “although I interpret today I don’t want to interpret on sentencing day.”  At the hearing, the trial court fully admonished Appellant before accepting his guilty plea. 

The court reconvened on January 8, 2004 for a sentencing hearing.  At the sentencing hearing, the trial court noted that Appellant’s counsel had requested an interpreter and the court swore Francisco Hernandez, Jr. to serve as Appellant’s interpreter.  During the sentencing hearing, the State did not call any witnesses.  Appellant testified and admitted having sex with the complainant.  He testified that the sexual intercourse was consensual and that he believed the complainant was eighteen or nineteen years’ old at the time of the offense.  After hearing the evidence and arguments of counsel, the trial court sentenced Appellant to eighteen years’ confinement. 

INTERPRETER

Appellant complains on appeal that the trial court erred by not appointing a certified interpreter during his guilty plea.  Appellant contends that once he filed a motion for a Spanish language interpreter the trial court was required to appoint an independent, certified interpreter at the plea hearing and relies on the Texas Government Code and Code of Criminal Procedure as authority.  The Government Code states that “[a] court shall appoint a certified court interpreter or a licensed court interpreter if a motion for the appointment of an interpreter is filed by a party or requested by a witness in a civil or criminal proceeding in the court.”
(footnote: 1)  
Tex. Gov’t Code Ann.
 § 57.002(a) (Vernon Supp. 2004-05).  The Code of Criminal Procedure states that “[w]hen a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged . . . does not understand and speak the English language, an interpreter must be sworn to interpret for him.”  
Tex. Code Crim. Proc. Ann.
 art. 38.30(a) (Vernon Supp. 2004-05).

The Texas Court of Criminal Appeals recently held that the right to an interpreter is a category two right.  
See
 
Garcia v. State
, 149 S.W.3d 135, 143 (Tex. Crim. App. 2004) (agreeing with the holding of the Waco Court of Appeals in 
Guerrero v. State
, 143 S.W.3d 283, 283 (Tex. App.—Waco 2004, no pet.)).  Category two rights were defined by the court of criminal appeals as “rights of litigants which must be implemented by the system unless expressly waived.”  
Marin v. State
, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), 
overruled on other grounds by Cain v. State
, 947 S.W.2d 262 (Tex. Crim. App. 1997).  Hence, the right to an interpreter can be waived.
  
See Garcia
, 149 S.W.3d at 143-44.  
In the present case, although Appellant filed a motion requesting an interpreter, his request was limited to the sentencing hearing.  Moreover, Appellant’s counsel specifically stated at the guilty-plea hearing that “although I interpret today I don’t want to interpret on sentencing day.”  Thus, it is apparent from the record that Appellant’s counsel expressly waived any request for another interpreter during his guilty plea.  
See Garcia
, 149 S.W.3d at 144 (acknowledging that a litigant is never deemed to give up a waivable right unless “he says so plainly, freely, and intelligently, sometimes in writing and always on the record”).  In the present case, Appellant’s counsel gave up his right to an independent interpreter plainly, freely, and intelligently on the record.  Thus, Appellant has not preserved any complaint for our review.  
Tex. R. App. P.
 33.1(a).

CONCLUSION

Having concluded that Appellant waived his right to an independent interpreter at his plea hearing we overrule Appellant’s sole issue.  Thus, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

PUBLISH

DELIVERED:  January 27, 2005

FOOTNOTES
1:
Appellant argues that he was not appointed a “certified” interpreter as contemplated by the Texas Government Code.  However, the code distinguishes between a “certified” and “licensed” court interpreter.  
See
 
Tex. Gov’t Code Ann.
 § 57.002(a).  The code defines “certified court interpreter” as one qualified under Article 38.31 of the Code of Criminal Procedure, section 21.003 of the Civil Practice and Remedies Code, or certified under Subchapter B by the Texas Commission for the Deaf and Hard of Hearing.  
See
 
id
.  These sections all detail the qualifications for interpreters for the deaf, not language interpreters.  A “licensed” interpreter is one licensed to interpret “for an individual who can hear but does not comprehend English or communicate in English.”  
Id
.  Thus, in essence, Appellant’s argument is more correctly defined as a complaint that he did not receive a “licensed” court interpreter, as he could hear, but had difficulty comprehending and communicating in English.