COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-021-CR
 
 
IVAN 
ANTONIO FONSECA                                                      APPELLANT
  
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
INTRODUCTION
        Appellant 
was indicted for sexual assault of a child under seventeen.  He entered an 
open plea of guilty and the trial court sentenced him to eighteen years’ 
confinement.  In his sole issue Appellant complains the trial court erred 
by not appointing a certified court interpreter during the plea of guilty.  
We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
        As 
the sufficiency of the evidence is not challenged, a brief recitation of the 
facts will suffice.  On September 25, 2003, Appellant’s counsel filed a 
motion requesting a Spanish language interpreter for Appellant.  A hearing 
was held that day, during which Appellant pleaded guilty.  At the hearing, 
Appellant’s counsel was sworn in as Appellant’s interpreter.  
Appellant’s counsel reiterated that he had filed a motion for an interpreter 
because “although I interpret today I don’t want to interpret on sentencing 
day.”  At the hearing, the trial court fully admonished Appellant before 
accepting his guilty plea.
        The 
court reconvened on January 8, 2004 for a sentencing hearing.  At the 
sentencing hearing, the trial court noted that Appellant’s counsel had 
requested an interpreter and the court swore Francisco Hernandez, Jr. to serve 
as Appellant’s interpreter.  During the sentencing hearing, the State did 
not call any witnesses.  Appellant testified and admitted having sex with 
the complainant.  He testified that the sexual intercourse was consensual 
and that he believed the complainant was eighteen or nineteen years’ old at 
the time of the offense.  After hearing the evidence and arguments of 
counsel, the trial court sentenced Appellant to eighteen years’ confinement.
INTERPRETER
        Appellant 
complains on appeal that the trial court erred by not appointing a certified 
interpreter during his guilty plea. Appellant contends that once he filed a 
motion for a Spanish language interpreter the trial court was required to 
appoint an independent, certified interpreter at the plea hearing and relies on 
the Texas Government Code and Code of Criminal Procedure as authority.  The 
Government Code states that “[a] court shall appoint a certified court 
interpreter or a licensed court interpreter if a motion for the appointment of 
an interpreter is filed by a party or requested by a witness in a civil or 
criminal proceeding in the court.”[1] Tex. Gov’t Code Ann. § 57.002(a) 
(Vernon Supp. 2004-05).  The Code of Criminal Procedure states that 
“[w]hen a motion for appointment of an interpreter is filed by any party or on 
motion of the court, in any criminal proceeding, it is determined that a person 
charged . . . does not understand and speak the English language, an interpreter 
must be sworn to interpret for him.”  Tex. Code Crim. Proc. Ann. art. 38.30(a) 
(Vernon Supp. 2004-05).
        The 
Texas Court of Criminal Appeals recently held that the right to an interpreter 
is a category two right.  See Garcia v. State, 149 S.W.3d 
135, 143 (Tex. Crim. App. 2004) (agreeing with the holding of the Waco Court of 
Appeals in Guerrero v. State, 143 S.W.3d 283, 283 (Tex. App.—Waco 2004, 
no pet.)).  Category two rights were defined by the court of criminal 
appeals as “rights of litigants which must be implemented by the system unless 
expressly waived.”  Marin v. State, 851 S.W.2d 275, 279 (Tex. 
Crim. App. 1993), overruled on other grounds by Cain v. State, 947 S.W.2d 
262 (Tex. Crim. App. 1997).  Hence, the right to an interpreter can be 
waived.  See Garcia, 149 S.W.3d at 143-44. In the present case, 
although Appellant filed a motion requesting an interpreter, his request was 
limited to the sentencing hearing.  Moreover, Appellant’s counsel 
specifically stated at the guilty-plea hearing that “although I interpret 
today I don’t want to interpret on sentencing day.”  Thus, it is 
apparent from the record that Appellant’s counsel expressly waived any request 
for another interpreter during his guilty plea.  See Garcia, 149 
S.W.3d at 144 (acknowledging that a litigant is never deemed to give up a 
waivable right unless “he says so plainly, freely, and intelligently, 
sometimes in writing and always on the record”).  In the present case, 
Appellant’s counsel gave up his right to an independent interpreter plainly, 
freely, and intelligently on the record.  Thus, Appellant has not preserved 
any complaint for our review.  Tex. 
R. App. P. 33.1(a).
CONCLUSION
        Having 
concluded that Appellant waived his right to an independent interpreter at his 
plea hearing we overrule Appellant’s sole issue.  Thus, we affirm the 
trial court’s judgment.
   
 
                                                          ANNE 
GARDNER
                                                          JUSTICE
  
 
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.
 
PUBLISH
 
DELIVERED: 
January 27, 2005


NOTES
1.  
Appellant argues that he was not appointed a “certified” interpreter as 
contemplated by the Texas Government Code.  However, the code distinguishes 
between a “certified” and “licensed” court interpreter.  See 
Tex. Gov’t Code Ann. § 
57.002(a).  The code defines “certified court interpreter” as one 
qualified under Article 38.31 of the Code of Criminal Procedure, section 21.003 
of the Civil Practice and Remedies Code, or certified under Subchapter B by the 
Texas Commission for the Deaf and Hard of Hearing.  See id.  
These sections all detail the qualifications for interpreters for the deaf, not 
language interpreters.  A “licensed” interpreter is one licensed to 
interpret “for an individual who can hear but does not comprehend English or 
communicate in English.”  Id.  Thus, in essence, 
Appellant’s argument is more correctly defined as a complaint that he did not 
receive a “licensed” court interpreter, as he could hear, but had difficulty 
comprehending and communicating in English.