NO. 07-10-0270-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 8, 2011
_____

NARY SON LIEU,

Appellant

v.

TOMMY KHONG,

Appellee
_____

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY;

NO. 153-236252-09; HONORABLE KEN CURRY, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This dispute was resolved by a judgment, after a bench trial, for money loaned by appellee Tommy Khong (Khong) to appellant Nary Lieu (Lieu). Lieu contends that 1) the trial court abused its discretion in failing to grant a new trial due to her translator being unable to follow the court's instructions, 2) the evidence was factually insufficient to support the finding that the entire $50,000 was due plus interest at the rate of 18% per annum, 3) the court abused its discretion in admitting Exhibit 1 into evidence, and 4)

the evidence is insufficient to support the court's finding of no usury. We affirm the judgment.

*Background*

Over the course of several years, Lieu obtained three separate loans from her postman, Khong. The first two, for $10,000 and $50,000 respectively, eventually were repaid. The third one, for another $50,000, was obtained before the second one was satisfied. Lieu later defaulted on the third debt, and it formed the basis of Khong's suit.

Both parties signed a writing manifesting or acknowledging the third obligation and Lieu's agreement to pay interest at the rate of 18%. So too did Lieu promise to repay the debt upon being given a two-week notice to do so.

At trial, the debtor acknowledged her obligation but questioned the actual amount allegedly due. Apparently, she thought that some of the payments made during the life of both the second and third loans should have been credited against the principal due under the third. So, the affirmative defense of payment was urged to defeat full recovery. Also asserted was the defense of unconscionability.[1] And though she did not plead usury, Lieu nonetheless contends that the defense was tried by consent and that the trial court erred in not finding the interest rate usurious.

*Issue 1 – Motion for New Trial*

Lieu argues that she was entitled to a new trial because the interpreter appointed by the trial court failed to comply with court directives to simply interpret and otherwise precluded Lieu from developing her defense of unconscionability. Yet, how she was so precluded went unexplained. Indeed, we are left to simply guess at what evidence, if

---

[1]Allegedly, Khong took advantage of Lieu, an older Cambodian female who could not read or write and had only one year of formal education. Lieu, however, owned multiple liquor stores and had the means to not only negotiate but also repay, within a rather short term, two other loans totaling $60,000.

any, she could have, or tried to, proffer on the subject of unconscionability but was unable to do so because of the translator's performance. Without such information, it can hardly be said that the purported error of the trial court harmed her. *Montoya v. State*, 811 S.W.2d 671, 673 (Tex. App.–Corpus Christi 1991, no pet.) (stating that the purported error was not harmful because appellant failed to direct the court to any part of the record where alleged errors in translation occurred which prevented him from doing that about which he complained). Consequently, we overrule the issue.

*Issue 2 – Factual Sufficiency of the Evidence*

Next, Lieu challenges the trial court's fact finding that the balance due on the note as of May 1, 2009, was $50,000 and that she agreed to the accrual of interest at 18% per annum. We overrule the issue.

Khong provided testimony supporting the findings. And though Lieu disputed his testimony, doing so simply created a fact issue for resolution by the factfinder, and the latter was free to believe or discredit whomever it chose. *Rich v. Olah,* 274 S.W.3d 878, 884 (Tex. App.–Dallas 2008, no pet.) (stating that in a bench trial, the trial court is the sole judge of the credibility of the witnesses, assigns the weight to be given their testimony, may accept or reject all or any part of the evidence, and resolves conflicts and inconsistencies in the evidence). And, Lieu's suggestion that it would be irrational for a trier of fact to conclude that a debtor would pay off loans with low interest rates before those with high rates is of little import. Experience teaches that people are sometimes prone to do the irrational. In sum, the evidence and circumstances of record do not prove the final outcome to be manifestly unjust.

*Issue 3 – Admission of Loan Agreement*

Lieu next claims the trial court abused its discretion in admitting a copy of the loan agreement because 1) it was a negotiable instrument as defined in §3.104 of the Business and Commerce Code and 2) Khong failed to comply with §3.309 of the same code, which pertains to the enforcement of lost, destroyed, or stolen negotiable instruments. We overrule the issue.

Despite her mere conclusion that the contract was a negotiable instrument, it was not. Nowhere did the document express that it was payable to bearer or the order of anyone. Such "magic" words are required to be in the item if it is to be a negotiable instrument. TEX. BUS. & COM. CODE ANN. §3.104(a)(1) (Vernon Supp. 2010); *Cartwright v. MBank Corpus Christi, N.A.*, 865 S.W.2d 546, 549 (Tex. App.–Corpus Christi 1993, writ denied).

*Issue 4 – Usury*

Lieu finally contends that the trial court erred in failing to find the interest payable usurious. We overrule the issue.

Usury is a defense that must be proffered through a verified plea. TEX. R. CIV. P. 93(11). Lieu did not so plead the matter. And while unpled claims may be tried by consent, they are not so tried simply because someone said they were. Indeed, trial by consent "'is intended to cover the exceptional case where it clearly appears from the record as a whole that the parties tried the unmentioned issue.'" *In re Little*, No. 07-10-0134-CV, 2011 Tex. App. Lexis 5858, at *4-5 (Tex. App.–Amarillo July 28, 2011, no pet. h.). It 1) is not intended to establish a general rule of practice, 2) should be applied with care, and 3) should not be accepted in a doubtful situation. *Id.*; *Jay Fikes & Associates*

4

*v. Walton*, 578 S.W.2d 885, 889 (Tex. Civ. App.–Amarillo 1979, writ ref'd n.r.e.). Furthermore, the circumstances and evidence at trial must not only evince that the parties understood the issue was part of the case but also the opponent failed to object to its consideration. *Johnson v. Olive*r, 250 S.W.3d 182, 186 (Tex.App.–Dallas 2008, no pet.). And, where evidence developing the omitted issue is also relevant to issues actually averred in the pleadings, one cannot infer trial by consent without more. *Moneyhon v. Moneyhon*, 278 S.W.3d 874, 879 n.6 (Tex. App.–Houston [14th Dist.] 2009, no pet.).

Lieu failed to explain why the claim of usury purportedly was tried by consent. Instead, she merely concluded as much. That alone warrants the rejection of the contention. *See Limestone Group, Inc. v. Sai Thong, L.L.C.,* 107 S.W.3d 793, 798 n.4 (Tex. App.–Amarillo 2003, no pet.) (holding that the failure to develop an issue through explanation and citation to pertinent authority renders the topic inadequately briefed and, therefore, waived). Furthermore, the evidence on the matter pertained also to the calculation of the outstanding interest due Khong. And, most telling is a comment from the court itself. While cross-examining Khong's attorney regarding her request for attorney's fees, Lieu's attorney began to ask the witness about such things as the amount of debt due from his client and their prior communications wherein he mentioned that the rate may be usurious. At that point, the trial judge told him to "move along," told him he was being argumentative, and stated that "I know that there's not been a cross-claim filed regarding - - for debt collection and so forth. That's not before the Court." The latter admonishment, coupled with the other circumstances mentioned, negate the possibility that unpled claims, such as usury, were being tried by consent.

Accordingly, appellant's issues are overruled, and the judgment is affirmed.

Per Curiam