NO. 07-11-0194-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 31, 2012

AUNG AUNG,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 122374-1; HONORABLE W. F. (CORKY) ROBERTS, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., and CAMPBELL  and HANCOCK, JJ.

Aung Aung appeals his two convictions.  The first involved a terroristic threat.  The second was for evading arrest.  Furthermore, the underlying offenses were tried together.  Three issues are before us.  The first involves whether he was denied his right to confront witnesses because the interpreter used by the trial court allegedly was neither sworn in nor shown to be certified.  The second concerns the trial court's failure to *sua sponte* instruct the jury that extraneous offenses must be established beyond reasonable doubt before they can be considered.  The third entails the sentence

accompanying his conviction for evading arrest and whether it was void.  We reverse and remand in part and affirm in part.

*Issue 1 – Right of Confrontation*

Regarding the allegation about the right to confront witnesses and the interpreter, appellant did not utter any objection to the individual.  Nor did he complain about the individual being either placed under oath or not certified.  Thus, the matter was waived. *Morales v. State*, No. 14-95-01299-CR, 1997 Tex. App. LEXIS 2708, at *2-3 (Tex. App.–Houston [14th Dist.] 1997, no pet.) (not designated for publication) (stating that any error regarding the failure to swear in the interpreter was waived because the appellant failed to object at trial); *Montoya v. State*, 811 S.W.2d 671, 673 (Tex. App.–Corpus Christi 1991, no pet.) (holding that the appellant waived his complaint about the bailiff being appointed to interpret because no objection was uttered at trial).  And, the issue is overruled.

*Issue 2 – Instruction on Extraneous Offenses*

Next, appellant complains about the trial court failing to *sua sponte* instruct the jury (at the end of the punishment phase) that any extraneous crime or bad act must be shown beyond a reasonable doubt to have been committed by him.  And, he asserts that omission warrants a new punishment hearing.  We overrule the issue.

It is true that a trial court is required to so instruct the jury without the defendant requesting it.  *Huizar v. State,* 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).  But, if it does not and no one complains of the omission, then we cannot reverse unless the record depicts that the appellant suffered egregious harm.  *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

2

The discussion that follows pertains only to the punishment assessed upon appellant's terroristic threat conviction. The reason for this will be made clear via our discussion of issue three.

Though appellant received the maximum jail sentence which could be levied for issuing a terroristic threat, it was only for 180 days. Furthermore, the extraneous offenses relating to appellant's possessing a firearm, smoking marijuana, and having been drinking before evading arrest and making the terroristic threat came from appellant himself. That is, he admitted to engaging in that conduct. And, as for the prior conviction that was admitted into evidence, the parties "stipulated" that appellant was the subject of that conviction. These circumstances do not evince egregious harm. *See e.g., Zarco v. State,* 210 S.W.3d 816, 822 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (stating that no reasonable doubt instruction is needed for prior adjudicated offenses); *see also Moore v. State,* 165 S.W.3d 118, 126 (Tex. App.–Fort Worth 2005, no pet.) (stating that when the defendant himself testifies to drug use and drunk driving, there can be little doubt about his connection to the bad acts). In other words, it is quite difficult to conclude that appellant suffered any injury, much less egregious harm, from the omission in question when he either 1) had already been tried and convicted of the extraneous offenses, or 2) he admitted to committing them. So, there is no need to reverse the sentence and remand for another punishment hearing.

*New Trial on Punishment*

As for the sentence levied upon the evading arrest conviction, the State concedes that it exceeded the maximum punishment allowed by statute. Thus, we

3

reverse that judgment only as it pertains to the sentence and remand for another punishment hearing.

Accordingly, the judgment convicting and sentencing appellant of making a terroristic threat is affirmed. The judgment convicting and sentencing appellant for evading arrest is reversed only as to the sentence, and that proceeding is remanded for a new punishment hearing.

Brian Quinn
Chief Justice

Do not publish.