**AFFIRM; and Opinion Filed July 13, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01337-CR

**JAVIER COLUNGA-PINA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1360052-S**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Brown
Opinion by Justice Brown

Appellant Javier Colunga-Pina appeals his conviction for aggravated sexual assault of a child younger than fourteen. He signed a written judicial confession and entered an open plea of guilty. The trial court found appellant guilty and assessed his punishment at nine years' confinement. In a single issue, he contends the trial court erred by failing to swear in the interpreter and ascertain his certification and credentials at one of the hearings held in this case. We affirm the trial court's judgment.

The appellate record reflects that translators were used during several hearings in this case, including appellant's guilty plea hearing on August 6, 2015. Appellant's complaints involve a June 18, 2015 hearing. The reporter's record of that hearing lists appearances by the parties' attorneys and by Alex Rivera as interpreter. At that proceeding, the trial judge stated he understood appellant needed a translator. He asked "Alex" to raise his or her right hand and

asked, "Do you solemnly swear or affirm that you will truly translate from English to Spanish and Spanish to English all the proceedings in this cause?" The interpreter replied, "I do, Your Honor." The judge then referred to a letter appellant's cell mate had written indicating appellant had three witnesses who were going to falsely testify in his favor. The judge stated he was going to read the letter in English and asked the translator to translate the letter into Spanish for appellant. The judge wanted appellant's lawyer to investigate the allegations. They then discussed appellant's motion to dismiss his attorney and a letter appellant had written complaining about his attorney. The judge gave defense counsel the opportunity to respond to the allegations. The court denied appellant's motion to dismiss his attorney and put the case on hold pending an investigation into the attempt to have witnesses lie. Appellant did not raise any objections about the translator during the hearing or at any other time.

For the first time on appeal, appellant now raises a complaint about the trial court's handling of the interpreter. Although appellant contends in his sole issue that the trial court failed to swear in the interpreter and determine his certification and credentials, his argument under this issue reveals he is actually complaining about the trial court's failure to establish the identity of or credentials of the interpreter. As a prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court by a timely objection that stated the grounds for the ruling sought from the trial court and that the trial court ruled on the objection. TEX. R. APP. P. 33.1(a). By failing to raise his complaints in the trial court, appellant has failed to preserve this issue for our review. *See Montoya v. State*, 811 S.W.2d 671, 673 (Tex. App.—Corpus Christi 1991, no pet.) (by failing to object, defendant waived his right to complain of use of bailiff as interpreter).

Even if we consider the merits of appellant's issue, there is no reversible error. Appellant contends the court was required to appoint a licensed interpreter under section 57.002(b) of the

government code. *See* TEX. GOV'T CODE ANN. § 57.002(b) (West Supp. 2015) ("A court may, on its own motion, appoint . . . a licensed court interpreter for an individual who can hear but does not comprehend or communicate in English."). He does not contend or attempt to show the interpreter appointed was not actually licensed, but rather argues the court erred by failing to establish that the interpreter was licensed. Appellant cites no law requiring the trial court to determine on the record the credentials of the interpreter. While it may be the better practice to have the interpreter state his name and license number for the record, the trial judge has wide discretion in determining the adequacy of interpretive services. *See Linton v. State*, 275 S.W.3d 493, 500 (Tex. Crim. App. 2009). We will not find error from a record that is silent as to whether or not an interpreter was licensed. *See Ridge v. State*, 205 S.W.3d 591, 597 (Tex. App.—Waco 2006, pet. ref'd) (where defendant argued court erred in failing to appoint licensed interpreter, court of appeals refused to find error when record was silent as to whether interpreter was licensed).

Further, any error in failing to determine on the record the identity and credentials of the interpreter is nonconstitutional error subject to a harm analysis. Any nonconstitutional error that does not affect substantial rights must be disregarded. *See* TEX. R. APP. P. 44.2(b). Appellant does not attempt to argue that the alleged error impacted his understanding of the hearing in question or his later decision to plead guilty or otherwise harmed him in any way. He asserts he is entitled to a reversal merely because the court failed to establish the interpreter's identity and credentials. At the hearing in question, the interpreter swore he would truly translate the proceedings. At the end of the hearing, the trial judge addressed appellant directly and asked if he had any other complaints about his attorney or if there was anything else he wanted the judge to know. Appellant had a brief conversation with the judge and nothing indicates he did not understand what was the judge was asking or had any difficulty responding. We conclude any

error in failing to ask the interpreter to state his name and license number on the record at the brief pretrial hearing did not affect appellant's substantial rights. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Ada Brown/

ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

151337F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

JAVIER COLUNGA-PINA, Appellant

No. 05-15-01337-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1360052-S.
Opinion delivered by Justice Brown, Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 13th day of July, 2016.