Opinion issued July 25, 2023



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00227-CR

———————————

**BERNADETTE MCZIEL SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 5**
**Fort Bend County, Texas**
**Trial Court Case No. 20-CCR-216020**

---

## MEMORANDUM OPINION

Bernadette McZiel Smith appeals from an assault conviction. Smith pleaded not guilty to the charged offense. The trial court found her guilty after a bench trial and assessed punishment at 12 months' confinement in the Fort Bend County Jail, probated for 24 months, and a $100 fine. Smith complains that the trial court erred

by failing to appoint a licensed court interpreter, which violated her statutory and constitutional rights. Because Smith failed to preserve the statutory complaint for appeal and failed to show constitutional violations, we affirm.

## Background

At the beginning of trial, counsel and the trial court discussed various preliminary matters, including that two of the State's witnesses were non-English speakers and required an interpreter.

The trial court then spoke with Smith, who expressed her desire to waive her right to a jury trial and proceed with a bench trial. The parties entered a stipulation of evidence, which the trial court accepted. Smith pleaded "not guilty."

The complainant's son, Konstantinos Stergiou, testified that he emigrated from Greece and lived with his parents in Sugar Land, Texas when the assault occurred. On the day of the incident, Konstantinos arrived at his parents' home to find the police there. Konstantinos saw his mother, Magdalini Stergiou, was injured, so he took a photo of the scratch on her face and observed that she was limping from a leg injury. Konstantinos watched videos that showed Smith kicking her, pushing her, and attempting to take her phone. The home had several security cameras outside because of prior run-ins with their neighbor, Smith. The security cameras captured the assault on video.

The State called its next witness, Magdalini's husband, Stergios Stergiou, before the interpreter arrived to court. Smith's counsel asked if the testimony could begin without an interpreter because Stergios "speaks some English." While Stergios did speak some English, the State informed the trial court that he would feel more comfortable using an interpreter.

When the interpreter arrived, she was unable to provide the trial court with an interpreter number. When asked whether she was a master interpreter, she stated that she was a "professionally qualified interpreter."[1] The interpreter did not state what language she would be interpreting, but the trial court's docket sheet reflects that a "Greek translator [was] present." No further discussion or objections to the interpreter occurred.

Stergios testified using the interpreter. He testified that Smith began arguing with him over cutting the grass between their houses and when Magdalini came outside with her phone in her hand, Smith pushed her to the ground and took her phone. Smith gave Magdalini's phone to Smith's daughter. Stergios grabbed Smith's daughter and held her still so that his wife could get her phone back. Smith's

---

[1]     A "'[l]icensed court interpreter" means "an individual licensed . . . by the [Judicial Branch Certification Commission] to interpret court proceedings for an individual who can hear but who has no or limited English proficiency." TEX. GOV'T CODE § 157.001. A court interpreter license is issued to an applicant who has passed the appropriate examination by the commission. *Id.* § 157.101(a). A court interpreter's license provides a designation as a "basic" or "master" interpreter. *Id.* § 157.101(d).

daughter ran off toward her house. Smith then approached Magdalini, who was going back to her house, and knocked her to the ground by kicking her. Magdalini fell face first onto the ground, scraping her face on the concrete. Smith struggled with Magdalini, trying to take her phone away, and scratched Magdalini's face. Afterward, Stergios saw that Magdalini's face was bleeding.

Stergios narrated what was going on in the videos of the incident taken from the security cameras on his home and the cell phone video. The videos show an argument, Smith shoving Magdalini to the ground, Smith kicking her, and her falling. Stergios testified that Magdalini was injured by Smith's actions.

Magdalini then testified about the assault. Magdalini testified using the interpreter but answered in English. She was admonished by the trial court to wait for the interpreter to interpret the question before giving an answer. Magdalini testified that she heard Smith shouting at Stergios and so she went outside and recorded the interaction on her phone. Smith then took her phone away, tackled her, and kicked her. Magdalini testified she was scratched, felt pain, and that her knee still hurt. Magdalini also described the videos showing Smith's assault on her.

The trial court found Smith guilty of assaulting Magdalini. It then conducted a punishment hearing. Magdalini and Stergios testified about the impact Smith's actions had on them. Smith also testified in her own defense. The trial court

sentenced Smith to 12 months in the Fort Bend County Jail but probated that sentence for 24 months.

## Failure to Appoint Licensed Court Interpreter

Smith contends that the trial court failed to appoint a licensed court interpreter for the testimony of Stergios and Magdalini and thereby violated Texas statutory requirements and Smith's confrontation and due process rights under the federal and state constitutions. The State responds that Smith waived any issues by failing to object at trial.

### A. Standard of Review

An individual's competency to act as an interpreter is a question for the trial court, and the trial court's determination of the individual's competency is reviewed for an abuse of discretion. *Linton v. State*, 275 S.W.3d 493, 500 (Tex. Crim. App. 2009). A trial court's decision to appoint an interpreter is also reviewed for an abuse of discretion. *Balderas v. State*, 517 S.W.3d, 756, 778 (Tex. Crim. App. 2016).

### B. Statutory Requirements

The State called two witnesses who were present at the time of the assault. Both individuals testified in English and Greek on the record. Article 38.30 of the Texas Code of Criminal Procedure governs the use of interpreters in criminal trials:

> When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the

English language, an interpreter must be sworn to interpret for the person charged or the witness.

TEX. CODE CRIM. PROC. art. 38.30(a).

We read Article 38.30 along with Section 57.002 of the Texas Government Code, which requires a court to "appoint a licensed court interpreter for an individual who can hear but does not comprehend or communicate in English" if a motion for the appointment of an interpreter has been filed, a witness requests an interpreter, or on its own motion. TEX. GOV'T CODE §§ 57.002(a)–(b). Smith also highlights that Sections 157.106 and 157.107 of the Texas Government Code criminalize acting as a licensed court interpreter without a license. *Id.* §§ 157.106–.107.

Before turning to the merits of Smith's arguments, we must determine whether Smith's statutory complaints were preserved for appeal. To preserve error, the record must show that Smith made a timely objection or motion stating the grounds for the ruling sought, and that the trial court ruled on the objection. TEX. R. APP. P. 33.1; *see Garza v. State*, 126 S.W.3d 79, 81–82 (Tex. Crim. App. 2004). Smith did not complain about the trial court's handling of the interpreter before appealing. By failing to raise her complaints with the trial court, Smith has failed to preserve these issues for our review. *See Pham v. State*, No. 09-15-00460-CR, 2017 WL 2373525, at *3 (Tex. App.—Beaumont May 31, 2017, no pet.) (mem. op., not designated for publication) (once trial court appoints interpreter, defendant must object at trial to preserve complaint about interpreter's qualifications or

6

competency); *Colunga–Pina v. State*, No. 05-15-01337-CR, 2016 WL 3877865, at *1 (Tex. App.—Dallas July 13, 2016, no pet.) (mem. op., not designated for publication) (complaint about trial court's failure to establish interpreter's credentials waived by failing to object); *Phommathep v. State*, No. 07-12-00503-CR, 2014 WL 561813, at *2–3 (Tex. App.—Amarillo Feb. 11, 2014, no pet.) (mem. op., not designated for publication) (failure to object at trial waived complaint that trial court appointed interpreter without making required findings); *Montoya v. State*, 811 S.W.2d 671, 673 (Tex. App.—Corpus Christi 1991, no pet.) (defendant waived right to complain of using bailiff as interpreter by failing to timely object).

We overrule Smith's statutory complaint.

## C. Constitutional Requirements

As for Smith's constitutional complaints, the United States Constitution, through the Sixth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. This "bedrock procedural guarantee" applies to both federal and state prosecutions. *Crawford v. Washington*, 541 U.S. 36, 42 (2004). Likewise, the Texas Constitution guarantees that "[i]n all criminal prosecutions[,] the accused shall . . . be confronted by the witnesses against him." TEX. CONST. art. I, § 10. The Texas Court of Criminal Appeals has recognized that providing an interpreter to an accused who does not understand English is required by the Confrontation Clause

and by Article I, section 10. *Baltierra v. State*, 586 S.W.2d 553, 556–59 (Tex. Crim. App. 1979). The right to an interpreter is part of a defendant's constitutional right to confrontation and due process. *Orellana v. State*, 381 S.W.3d 645, 657 (Tex. App.—San Antonio 2012, pet. ref'd). Courts have recognized that when a material witness does not understand English, an interpreter must be provided so that the accused may test the credibility of that witness through cross-examination. *See Balderas v. State*, 517 S.W.3d 756, 777 (Tex. Crim. App. 2016) (citing *Miller v. State*, 177 S.W.3d 1, 5–8 (Tex. App.—Houston [1st Dist.] 2004, no pet.)); *see also Garcia v. State*, 149 S.W.3d 135, 144–45 (Tex. Crim. App. 2004).

As to whether Smith's constitutional complaints have been waived, we find they have not. In *Marin v. State*, the Texas Court of Criminal Appeals explained that "our system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request." 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997), *and abrogated on other grounds by Matchett v. State*, 941 S.W.2d 922 (Tex. Crim. App. 1996). Because the right of a non-English speaking person to an interpreter under the constitutions is a category-two *Marin* right when the trial court is aware of a problem understanding English, Smith did not waive her constitutional

complaints. *See Garcia*, 149 S.W.3d at 145 (trial judge has an independent duty to implement right to an interpreter when aware that defendant has problem understanding English, unless there is a knowing and voluntary waiver by defendant); *Balderas*, 517 S.W.3d at 777 (citing *Garcia*, 149 S.W.3d at 144–45, and applying duty to use of interpreter for material witness).

Smith complains that because a licensed court interpreter was not provided by the trial court, she was deprived of her right to confront her accusers. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Miller*, 177 S.W.3d at 5–6. But an interpreter was provided, so what Smith contests is the interpreter's competency. *See Franco v. State*, No. 04-16-00090-CR, 2017 WL 781033, at *2 (Tex. App.—San Antonio Mar. 1, 2017, no pet.) (mem. op., not designated for publication) ("A complaint regarding the competency of an interpreter appointed by the trial court . . . is waived if the defendant does not object to the appointment at trial."*)*; *Martins v. State*, 52 S.W.3d 459, 470 (Tex. App.—Corpus Christi 2001, no pet.). When the interpreter arrived, the trial court swore her in and asked for her name and interpreter number. Upon learning that the interpreter did not have an interpreter number, the trial court asked whether she was a master interpreter, to which the interpreter responded that she was a "professionally qualified interpreter." Satisfied, the trial court moved on. Smith neither objected nor made a record of what the interpreter's qualifications were.

Thus, we are left with a record that is, at most, unclear on the interpreter's qualifications.

Nothing in the record suggests that the interpreter did not translate the proceedings for the witnesses or Smith. Instead, the record reflects that Smith's counsel wanted to proceed without a translator, pushing for Stergios to testify before the interpreter arrived because he speaks some English. Without proof to the contrary, we presume regularity of the proceedings. *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000). Smith bears the burden of overcoming this presumption. *Marras v. State*, 741 S.W.2d 395, 407 (Tex. Crim. App. 1987). *See Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986) (there "is the presumption of the regularity of the judgment of conviction and the proceedings absent a showing to the contrary" and "the burden is on the defendant to overcome the presumption"). Because Smith has not established that the trial court failed to appoint a licensed interpreter, she cannot establish that a failure to do so violated her confrontation rights under the federal or state constitutions. *See Ridge v. State*, 205 S.W.3d 591, 597 (Tex. App.—Waco 2006, pet. ref'd). So, we overrule these issues.

Lastly, Smith's remaining claims are that she was deprived of due process under the federal and state constitutions. U.S. CONST. amend. XIV; TEX. CONST. art. 1 § 19. The Texas Constitution is different in that it refers to "due course" rather than "due process," but these terms lack meaningful distinction. *See Univ. of Tex.*

*Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). The defendant's due process right includes within it the right to a fair trial. *Marx v. State*, 987 S.W.2d 577, 581 (Tex. Crim. App. 1999). A defendant's right to have the trial proceedings interpreted in a language she understands implicates fundamental fairness and due process of law. *Linton*, 275 S.W.3d at 500; *In re L.M.I.*, 117 S.W.3d 1, 4 (Tex. App.—Houston [14th Dist.] 2001), *aff'd*, 119 S.W.3d 707 (Tex. 2003); *Kan v. State*, 4 S.W.3d 38, 41 (Tex. App.—San Antonio 1999, pet. ref'd). While the use of an interpreter for a material witness who has trouble communicating in English is a requirement of the Confrontation Clause because the use of an interpreter enables a defendant to conduct a meaningful cross examination, it also implicates due process. *See Davidson v. Great National Life Ins. Co.*, 737 S.W.2d 312, 314 (Tex. 1987) (due process requires an opportunity to confront and cross-examine adverse witnesses); *Balderas*, 517 S.W.3d at 777. The federal and state constitutions require "that a defendant sufficiently understand the proceedings against him to be able to assist in his own defense." *See Linton*, 275 S.W.3d at 500–01. "The ultimate question is whether any inadequacy in the interpretation made the trial 'fundamentally unfair.'" *Id.* (citing *United States v. Huang*, 960 F.2d 1128, 1136 (2d Cir. 1992)). Again, Smith does not complain of any inaccuracy in the interpretation. Smith focuses on whether the interpreter was licensed or not. As discussed above, Smith has not established that the trial court failed to appoint a licensed interpreter, so she cannot

11

establish a violation her right to due process under the federal or state constitutions.

*See Ridge*, 205 S.W.3d at 597.

## Conclusion

We affirm the trial court's judgment.



Sarah Beth Landau
Justice

Panel consists of Justices Landau, Countiss, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).